PARKER *vs.* BEEMAN.

1. A tenant cannot so withdraw his claim, under the rent act of 1827, (Cobb, 701,) as to relieve himself from the penalty of being assessed for double rent, in case the issue is found against him.
2. An appeal lies under the rent law of 1827.

Summary proceedings, to eject tenant holding over. In Terrell Superior Court, ALLEN, Judge, presiding, at May Term, 1859.

This was a summary proceeding, under the act of 1827, by William J. Parker, to evict from the possession of premises leased, Emanuel P. Beeman, a tenant holding over after the termination of the lease. Parker made the affidavit required by said act, whereupon a process was issued by a Justice of the Peace, requiring the sheriff to turn the tenant out, and put the lessor into possession. Beeman filed his affidavit, denying that he held under Parker, and alleging that he claimed and held possession in his own right, whereupon, as provided by law, the proceedings were arrested before the Justice, and the case transferred to the Superior Court, there to be tried.

There was a trial in the Superior Court, before a petit jury, who found for the plaintiff, from which verdict the defendant appealed.   The case came up for trial on the appeal, and, a jury being empanneled to try the same, the defendant, Beeman, moved to withdraw his affidavit. Counsel for plaintiff objected.   The Court overruled the objection, and allowed the affidavit to be withdrawn, to which ruling plaintiff excepted.

Plaintiff then moved to dismiss the appeal.   The Court refused the motion, holding that the withdrawal of the affidavit operated as a disposal and dismissal of the case, and plaintiff excepted.

Plaintiff then moved that a writ of possession be issued from the Superior Court, upon the verdict and judgment rendered and entered at the common law, to turn defendant out and put plaintiff in possession of the premises. This motion the Court also refused, holding that the parties being out of the Superior Court, by the withdrawal of defendant's affidavit, plaintiff must proceed with, and on the original writ issued by the Justice of the Peace, and he was entitled only to an order to this effect.   To which ruling plaintiff excepted.   Whereupon plaintiff tendered his bill of exceptions, assigning as error the rulings and decisions above mentioned.

STROZIER & SMITH, for plaintiff in error.

W. A. HAWKINS, and PERKINS, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We are called on to construe the act of 1827 (Cobb, 701,) under which the summary proceeding was prosecuted.

The owner of the land demanded possession of the tenant, who, refusing to surrender the premises, the owner made oath that the term had expired, and obtained a recount to dispossess the tenant.   It was executed, when

Parker vs. Beeman.

the tenant made a counter-affidavit that he did not hold under the person claiming. The sheriff reported his proceedings to the next term of the Superior Court, an issue was formed, and submitted to the jury, who found against the tenant. He appealed from the verdict; when the appeal came up for trial the tenant was permitted to withdraw his claim, the Court holding, at the same time, that by doing so the whole case was carried out of Court. It also held that an appeal would lie in such a case. In which we think he was right.

But had the tenant the right so to withdraw his claim as to get rid of his liability for double rent, under the statute? We think not. True, he had the privilege to cease to litigate his landlord's right to the premises, which was a confession that he had been wrongfully kept out of them. But, having made himself subject to the penalty of the law for setting up a frivolous claim, and thereby withholding the land from the true owner, he ought not to be allowed, by his own voluntary act, to relieve himself of the consequences.

Under the claim law of 1811, a practice obtained of allowing a claimant to withdraw his claim, and put it in again *to his parties.* We cannot very clearly see the reason for such a practice. The Legislature of 1821, after reciting that a construction had been put upon the act of 1811, which tended to the manifest injury of the community, and frequently produced not only injustice to plaintiffs in execution, but evidently to oppress and harrass them by the delay of justice, enacted that the claim should be tried at the first term, and claimant was required to give bond, to indemnify the creditor for any damages which he might sustain, and which the jury were allowed to assess to an unlimited amount, *not less* than ten per cent, and the claimant was permitted to withdraw his claim only, (Cobb, 532–533,) and that prior to an appeal, if damages had been assessed.—(8 Ga. Rep., 184.)

Under the rent law of 1827, no bond of indemnity is given, and the only compensation the owner has is, to recover double rent of the tenant. It should not be in the power of the tenant to deprive him of this. With Squatter-Sovereignty, in its political aspects, we have nothing to do. It is evidently not a favorite with our people, as applicable to private property.