WILLIAM LITTLE, plaintiff in error, *vs.* WILLIAM THOMP-SON *et al.*, administrators, defendants in error.

Prior to the adoption of the new Constitution, an appeal lay from the verdict of a petit jury to a special jury, on an issue growing out of a proceeding under sections 4000, 4001 and 4002 of the Code, to expel an intruder.

Intruders on land. Appeal. Decided by Judge KNIGHT. Union. Superior Court. May Term, 1869.

Thompson and Meadows, as administrators of David Thompson, sued out a warrant against Little to eject him from a lot on which they said he was an intruder. Little filed his counter affidavit in terms of the law. The issue thus formed was tried before a petit jury in October, 1867, and resulted in a verdict against Little, and a judgment of ouster against him. Little entered an appeal according to the statute applicable to appeals.

When the cause was called in May, 1869, a special jury was empanneled to try it, plaintiff's counsel stated the case to them, and introduced papers as title to said land, and then moved to dismiss the appeal, because this was a summary proceeding in which no appeal was allowed by law. The Court dismissed the appeal and this was brought up for review.

WEIR BOYD, by HILLYER & BRO., for plaintiff in error.

No appearance for defendant.

BROWN, C. J.

The single question for decision in this case is, whether an appeal lay, prior to the adoption of the new Constitution, from the verdict of a petit jury to a special jury on an issue growing out of a proceeding under sections 4000, 4001 and 4002 of the Code. When the affidavit and counter-affidavit are filed, it is declared, by section 4002, that the contending parties shall be remitted to their respective rights, and the sheriff shall return both affidavits and deposit them in the office of the Clerk of the Superior Court of the county in which the land lies, upon which an issue shall be made up, and tried by a jury *according to the laws of this State.*

Section 3552 provides that: "*In civil cases* (except as hereinafter provided) when a verdict is rendered in the County-Court," etc., "or by a petit jury in the Superior Court," either party may, as matter of right, enter an appeal. In the subsequent sections the excepted cases are enumerated, as in collateral issues, etc., but an issue of this character is not mentioned as an excepted case.

Our attention is called to the case of *Carter vs. Howell*, 26*th Ga.*, 397, where this Court held, prior to the adoption of the Code, that no appeal lay from the verdict of a petit jury upon an issue made up in a proceeding by a landlord against a tenant holding-over. The cases are not quite analagous. In that case there was privity between the parties. In this case there is none. But we think that decision is overruled by the case of *Parker vs. Beeman*, 28 *Ga.*, 475, where it was held that an appeal did lie in such a case.

The Code seems to draw a distinction between the case of an issue under the Intruders' Act, and an issue under the rent laws. In the first it says, (section 4002) the issue shall be tried by jury, according to the laws of this State. In the latter, (see section 4008,) the sheriff is directed to return the proceedings to the next Superior Court of the county where the land lies, and the fact in issue shall be tried by a *special jury* as in cases of appeal. This shows that it was the intention of the Legislature, in this case, to have but

one trial. But the language of section 4002 does not show the same intent. We see strong reasons why an appeal should not be allowed in such case, but we must administer the law as we find it. Fortunately for the people of the State, our new Constitution has greatly improved our system by abolishing the petit jury trial, and with it all such appeals in future.

Let the judgment be reversed.