## LATHAM vs. PERRYMAN.

Where a warrant has been issued to turn a person out of the possession of land as a tenant holding over, and the defendant has given bond and raised an issue under such warrant, which has been found against him, and a certain sum found for rent, judgment may be entered on the bond against the principal and his sureties, as in cases of appeals.

December 21, 1886.

Landlord and Tenant.   Bonds.   Practice in Superior Court.   Before Judge BRANHAM.   Haralson Superior Court. January Term, 1886.

On November 16, 1883, C. A. Perryman, on behalf of himself and J. Williams, made affidavit to obtain a war-

rant to dispossess I. S. Williams as a tenant holding over beyond his term. The warrant was issued, and I. S. Williams made a counter-affidavit, denying that he was the tenant of Perryman and J. Williams, or that his term had expired, or that he was a tenant holding over beyond his term. He gave a bond with R. D. Latham as security. On the trial, the jury found for the plaintiff, with $50 rent, and judgment was entered against Williams, as principal, and Latham, as security, on the bond. An execution issued, and was levied on a mule as the property of Latham. He interposed an affidavit of illegality, alleging that he had never been served with process or notice of the pendency of the suit in which judgment was taken on the bond, and neither he nor any one for him had waived service, nor did he in any way appear and plead.

On the hearing, the presiding judge dismissed the affidavit on demurrer, and Latham excepted.

J. M. McBride; S. P. Edwards, for plaintiff in error.

M. J. Head; Blance & Noyes; Ivy F. Thompson, for defendant.

Blandford, Justice.

The question in this case is, can a judgment be entered on the bond against the principal and his sureties, which bond is given by a tenant under warrant issued to turn such tenant out of possession of land as a tenant holding over, where issue has been found against the tenant, and a certain sum found for rent, as in cases of appeals?

The question must be answered in the affirmative, for by the acts of 1866 (1865–6, page 35), it is provided "that when the jury shall find against the tenant, and assess the amount of double rent, the plaintiff may enter up judgment at once against such tenant and his security on the bond, in the same manner" as judgment is entered

against the principal upon appeal. The 4th section of the act extends the provisions of the act to all rentals of real estate in the State of Georgia, and the same processes and proceedings required by the act are to be had before any judicial and ministerial officer in the State having jurisdiction of the subject-matter. 70 *Ga.* 289.

Judgment affirmed.