## RIGELL v. SIRMANS.

1. The motion to dismiss the writ of error was without merit.
2. A proceeding in a county court to eject an intruder can not be carried by appeal to the superior court. The remedy of the party dissatisfied with the judgment in such a case is by certiorari.

Submitted May 25, — Decided June 17, 1905.

Eviction. Before Judge Mitchell. Berrien superior court. January 16, 1905.

Sirmans made an affidavit before the judge of a county court, for the purpose of evicting Rigell as an intruder. A counter-affidavit was interposed, and the papers were returned to the county court for trial. The judge of the county court rendered a judgment in favor of the defendant. The plaintiff filed an appeal bond, which was approved by the deputy-clerk, and all the papers were transmitted to the superior court. The case was tried in that court upon its merits, and resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, upon various grounds. The motion was overruled, and he excepted. A motion was made in the Supreme court to dismiss the writ of error, on the grounds, that there was no sufficient assignment of error in the bill of exceptions, and that the brief of evidence had not been filed at the time the motion for a new trial was heard. The bill of exceptions recites that the judge passed an order overruling the motion for a new trial, and then assigns error as follows: "To which said order defendant excepted and now excepts and assigns the same as error." The brief of evidence was not filed until two days after the motion for a new trial was disposed of, but there was no motion to dismiss the motion for a new trial on this ground.

Buie & Knight and Alexander & Gary, for plaintiff in error. R. A. Hendricks, contra.

COBB, J. 1. The motion to dismiss the writ of error is without merit. The assignment of error is in exact compliance with the rule of this court on the subject. See Civil Code, § 5605. Even if the failure to file the brief of evidence before the time for hearing the motion for a new trial would have been a sufficient reason for dismissing the motion at the hearing, it is

not a sufficient reason for dismissing the writ of error in this court after the respondent has participated in the hearing of the motion with full knowledge that the brief had not been filed.

2. The affidavit which is the foundation of the proceeding to evict an intruder may be made before any officer authorized to administer an oath. Civil Code, § 4808. It differs in this respect from the affidavit which is the foundation of a proceeding against a tenant, which is required to be taken before a judge of the superior court or a justice of the peace. Civil Code, § 4813 ; *Griswold* v. *Rutherford*, 109 *Ga.* 398. The county judge, therefore, had authority to administer the oath; and he also had jurisdiction to hear and determine the issue made by the counter-affidavit. Civil Code, § 4208. The case was, therefore, properly tried in the county court. The question to be determined is, how a judgment of the county court on such an issue may be reviewed by the superior court. The section of the code which gives the county court jurisdiction to hear and determine applications for the eviction of intruders also confers upon that court jurisdiction in cases of proceedings against tenants, partition of personal property, possessory warrants, distress warrants, attachments, garnishments, habeas corpus, etc. And the section concludes with these words: "And the same rights of certiorari and appeal, when applicable, shall exist in relation to the matter specified in this section as is provided in this chapter." The provisions referred to in reference to appeal and certiorari are found in sections 4214 and 4215. An appeal is allowed in a case where "the principal sum claimed, or the damages claimed, exceed fifty dollars," and a certiorari is allowed in cases where the "principal sum or damage claimed does not exceed fifty dollars." This provision in reference to appeals can not be made applicable to a proceeding to evict an intruder, for in such a case there is no sum or damages claimed. It is manifest that this law of appeals applies to suits for money upon a cause of action ex contractu, or ex delicto, or upon some statutory proceeding. There is nothing in the law in reference to the proceeding to evict intruders which seems to contemplate that there should be a money judgment rendered under any circumstances, either by way of rent or otherwise, as would be the case in a proceeding to eject a tenant. The

judgment in the proceeding to evict an intruder is a judgment declaring that the plaintiff is entitled to possession, and the writ that issues is a writ of possession, including a fieri facias for costs. Civil Code, § 4811. The provision in the chapter referred to in section 4214, relating to appeals, is therefore not applicable to the proceeding to evict an intruder. But it may be said that under the general law of appeals an appeal would be allowable in such a case. The Civil Code, § 4453, provides: "In all cases tried and determined by a county judge, or a justice of the peace, . . where the sum or property claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court." If this section authorizes an appeal in such a case at all, it is because of the words, "or property claimed." It is to be noted that these words do not appear in the section of the Code of 1882 from which this section was taken. Code of 1882, § 3610 (a). And it is also to be noted that section 3610 (b) of the Code of 1882 does not appear at all in the present code. That section related to appeals in claim cases, and provided that in such cases, where the property levied on was worth more than fifty dollars, there might be an appeal to the superior court from a judgment in the justice's court. It was evidently the purpose of the codifiers of the present code to make section 4453 exhaustive of the subject of appeals as dealt with by the two sections of the Code of 1882 above referred to; and the words, "or property claimed," are to be construed in the light of the fact that their appearance in the section results from the elimination of the section of the Code of 1882 in reference to claim cases. The effect of this change, therefore, is simply to give the same right of appeal in claim cases tried in a justice's court which was allowed under the Code of 1882, and to extend this right of appeal to claim cases in the county court. We do not think that this change in the section should be held to work any greater change in the law than that just stated, and therefore the section does not embrace a proceeding to evict an intruder, which has been tried in the county court. While the section relating to certiorari from the county court does not in terms embrace cases of the character now under consideration, still the superior court has jurisdiction, under the terms of the constitution, to review the judgments of all inferior judicatories by certiorari, and the party

dissatisfied with the judgment of the county court has this remedy. See, in this connection, *Fontano* v. *Mozley,* 121 *Ga.* 46. The superior court was without jurisdiction to entertain the appeal; and the judgment will therefore be reversed, with direction that the appeal be dismissed, and the judgment of the county court stand unaffected by the pretended appeal.

*Judgment reversed, with direction. All the Justices concur, except Simmons, C. J., absent.*