## 1699.  TOMLIN *v.* HARPER.

1. The superior court is without jurisdiction to entertain an appeal from the judgment of the county court upon a proceeding to evict a tenant holding over, where the possession of the premises in dispute is the only issue involved, and no money judgment is contemplated. Errors alleged to have been committed by the county court in such a case must be reviewed by certiorari.

2. Upon an appeal from the county court to the superior court, the jurisdiction of the superior court is identical with that of the county court; and if the county court was originally without jurisdiction to try the cause, the superior court, upon an appeal, would likewise be without jurisdiction. The Supreme Court having heretofore decided in this case (127 *Ga.* 390) that the county court had jurisdiction to hear and determine issues formed by the counter-affidavit to the warrant issued against the alleged tenant holding over, that decision became the law of the case, irrespective of the ruling in *Stephenson* v. *Warren*, 119 *Ga.* 504 (46 S. E. 647).

Appeal, from Berrien superior court—Judge Mitchell. January 14, 1909.

Submitted March 11,—Decided November 9, 1909.

*Hendricks & Christian, J. W. Powell,* for plaintiff in error.

*H. B. Peeples, Buie & Knight,* contra.

RUSSELL, J.  Harper sued out a warrant under the provisions of section 4813 of the Civil Code, to evict Hester Ann Tomlin as a tenant holding over. The defendant filed a counter-affidavit, in which she alleged that as guardian for her minor children she was owner of the lot of land in question. The case coming on for trial before the judge of the county court, there being no express provision of law for a jury trial in such a case, he rendered a judgment in favor of the plaintiff. Thereupon the defendant appealed for a jury trial in the superior court. When this appeal came up in the superior court the case was dismissed, upon the motion of the defendant's counsel, on the ground that the county court was without jurisdiction to hear and determine the issue formed by the counter-affidavit to the warrant. Upon exception to the judgment dismissing the proceeding, the Supreme Court reversed the judgment of the superior court, and held that a county court had jurisdiction to hear and determine the issues formed by the counter-affidavit. 127 *Ga.* 390 (56 S. E. 433). When the case came up for trial after the return of the remittitur the plaintiff's counsel moved to dismiss the appeal, upon

the ground that certiorari is the only method by which the judgment of the county court can be reviewed. The judge of the superior court sustained the motion, and the present writ of error is brought for the purpose of reviewing the latter judgment.

There can be no question that the judge did not err in dismissing the appeal. No matter what view we may entertain as to whether the county court has jurisdiction to try the issue formed upon the counter-affidavit interposed to a warrant sworn out to evict a tenant holding over, and regardless of whether there is apparently a conflict between the ruling made in this case when heretofore before the Supreme Court and its ruling in *Stephenson* v. *Warren*, 119 *Ga.* 504 (46 S. E. 647)—neither of them being decisions by a full bench,—the ruling in *Rigell* v. *Sirmans*, 123 *Ga.* 455 (51 S. E. 381), required the dismissal of the appeal. The warrant in that case was to eject an intruder; in the present case, the warrant was to evict a tenant holding over; but the principle is the same; and as pointed out by Judge Cobb in the *Rigell* case, the question to be determined is, how a judgment of the county court upon such an issue is to be reviewed. The provisions in reference to appeal and certiorari from the county court, as contained in the Civil Code, §§4214, 4215, were then summarized by Judge Cobb, as follows: "An appeal is allowed in a case where 'the principal sum claimed, or the damages claimed, exceed fifty dollars,' and a certiorari is allowed in cases where the 'principal sum or damage claimed does not exceed fifty dollars.' This provision in reference to appeals can not be made applicable to a proceeding to evict an intruder, for in such case there is no sum or damages claimed." Likewise, in the present case, where the only purpose of the proceeding was to obtain possession of the premises which it was alleged the tenant was holding over beyond her term, there was no sum or damages claimed.

It may be inferred, from the language employed in the opinion in the *Rigell* case, that if under any circumstances a money judgment, either by way of rent or otherwise, were contemplated in a proceeding to eject a tenant, there might be an appeal; but such does not appear in the present case. Just as if it were a proceeding to evict an intruder, possession of the premises is the only issue, and if "the provision in the chapter referred to in §4214, relating to appeals, is *therefore* not applicable to a proceeding to evict an in-

truder," it would not be in a proceeding brought to eject a tenant where nothing but possession of the premises was asked. The right to review the judgment of the county court by certiorari exists by virtue of the constitution, regardless of amount, or whether any amount is involved or not. The right of appeal, upon the contrary, depends upon the limitations imposed by the county-court act; and under the ruling in the *Rigell* case, supra, an appeal was not permissible in the present case. The superior court in trying a case on appeal from an inferior judicatory is clothed with just such jurisdiction as the inferior judicatory possesses, and no more. Consequently, if the position of counsel for the plaintiff in error, that the county court was without jurisdiction to consider the issue made by the counter-affidavit, be correct, then the superior court was without jurisdiction to consider the same upon appeal, and the appeal was properly dismissed, in that the county court had no jurisdiction. If the county court had jurisdiction originally, the appeal was properly dismissed notwithstanding this fact, by reason of the ruling in the *Rigell* case, supra. For this reason it is immaterial to discuss whether the county court has or has not jurisdiction to dispose of the issue formed upon a warrant to evict a tenant holding over. But if it be true that the terms of §4816 of the Civil Code, requiring that "the officer shall return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a special jury as in case of appeal," is mandatory and exclusive, and that, therefore, the judgment rendered in the county court is void, still this would not have required the judge of the superior court, upon appeal, to determine the validity of the judgment previously rendered in the county court. If the judgment rendered in the county court, awarding the possession of the premises to the plaintiff, was void for the reason that the county court was without jurisdiction to try the issue, the superior court would not have jurisdiction upon appeal, to set aside the judgment. If the judgment indeed is void, it can hereafter be attacked by any person whose interest it involves, when there is an attempt to enforce the order of eviction. The powers of the superior court as a court of original jurisdiction are far more extensive than the limited powers which flow to it for the purpose of the trial of a case upon appeal.

*Judgment affirmed.*