*O. A. Nix* and *John C. Houston,* contra.

---

JONES v. BLACKWELDER.

HILL, J. 1. Under the statutory proceeding to evict a tenant holding over and beyond his term of rental (Civil Code (1910), §§ 5385 et seq.), the tenant may, "by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term," and at the same time tendering "a bond with good security, payable to the landlord, for the payment of such sum with costs as may be recovered against him on the trial of the case," arrest the proceedings and prevent the removal of himself and goods from the rented premises. § 5387.

2. When the counter-affidavit is made and bond given as set forth in the foregoing headnote, it then becomes a proceeding on the part of the landlord to recover the premises and the statutory penalty of double the value of the rent that the premises are shown to be worth, or double the amount of rent agreed upon, according to the nature of the tenancy; and the issue thus raised is to be submitted to a special jury of the superior court of the county where the land lies, as in cases of appeal. § 5388; *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662). And if the jury to whom the case is submitted find against the tenant, the landlord shall have, in addition to a writ of possession, judgment against the tenant and the sureties on his bond for the amount of the penalty recovered. § 5389; *Latham* v. *Perryman,* 77 *Ga.* 579; *Bennett* v. *Farkas,* 126 *Ga.* 228 (54 S. E. 942).

3. In the present case the plaintiff, on the 9th day of January, 1913, sued out a dispossessory warrant, returnable to the July term of the superior court of Floyd county, to evict the defendant from described rented premises, as a tenant holding over and beyond his term. The following entry of service appears on the warrant: "I have this day read the within paper to D. F. Blackwelder in person. Jany. 10th, 1913. G. W. Smith, Deputy Sheriff." The warrant was filed in the clerk's office on January 18; and on the same day the defendant made and filed with the

clerk a counter-affidavit, together with bond, in which he denied that he was holding the premises over and beyond his term; and averred that "the term for which he rented the same has not yet expired." On January 25 the defendant's attorney filed with the clerk the following paper: "The defendant having moved from the premises in dispute, and having surrendered possession thereof to the said C. W. Jones, plaintiff, and the said plaintiff having gone into the actual possession of said premises, the said D. F. Blackwelder comes now and withdraws the counter-affidavit heretofore filed by him in said case and the bond given by him therein." On July 16, 1913, at the term to which the warrant was returnable, the court passed the following order: "It appearing from the testimony of M. B. Eubanks, plff's atty., that on January 25th, 1913, the defendant withdrew his counter-affidavit and bond, the court holds and adjudges that the entire case went out of court and that there is now no case pending." To this judgment the plaintiff excepted. *Held:* (a) That the order of the court is in effect a judgment of dismissal of the plaintiff's case, to review which a bill of exceptions will lie. (b) That, under the law enunciated in the first and second headnotes, in dispossessory proceedings the tenant against whom the proceedings have been instituted can not, after resisting and arresting the same by making a counter-affidavit and giving bond, subsequently withdraw his counter-affidavit and bond to the prejudice of the landlord's right to recover the statutory penalty prescribed by section 5389, and to enter up judgment for such penalty against the tenant and the sureties on the bond. *Parker* v. *Beeman*, 28 *Ga.* 475. Having made himself subject to the statutory penalty by arresting the proceedings by counter-affidavit and bond, should the issue thus raised be decided against him by the jury, he could not by his own voluntary act of withdrawal avoid such consequent penalty.

4. The court erred in holding that the withdrawal by the defendant of his counter-affidavit and bond dismissed the plaintiff's dispossessory proceedings; but should have submitted to the jury, to the extent of the recovery of the statutory penalty, the issue thus raised.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

APRIL 23, 1915.

Eviction. Before Judge Wright. Floyd superior court. July 16, 1914.

*Maddox & Doyal,* for plaintiff. *M. B. Eubanks,* for defendant.