PAULK *v.* SOUTH GEORGIA BUILDING AND INVESTMENT Co. *et al.*

HINES, J. 1. The issues formed by counter-affidavits filed, respectively, to a distress warrant and to a proceeding to dispossess tenants holding over, are separate cases, and should not be tried together; but if parties consent that this be done, they can not except thereto. *Mitchell* v. *White,* 74 *Ga.* 327.

2. A verdict rendered on the trial of these consolidated issues, finding for the plaintiff a given sum, was not so vague, indefinite, and uncertain as to render the judgments entered therein void. A verdict must be given a reasonable intendment, and is not to be avoided unless from necessity. Civil Code, § 5927. The verdict for the plaintiff in a given sum must be construed to mean that the plaintiff was entitled to that sum as rent, and that the tenants were holding over beyond their term.

3. The respective sureties on the bonds given in these proceedings were bound by the agreement of their principals for the consolidation of these cases, and by the judgments rendered on the verdict in the consolidated cause, in the absence of collusion or fraud. *Price* v. *Carlton,* 121 *Ga.* 12 (48 S. E. 721, 68 L. R. A. 736).

4. The liability of a surety on the bond in the dispossessory-warrant proceeding was not increased by the consolidation of these issues, nor by the verdict and judgment rendered therein. On the verdict finding against the tenants the landlord was entitled to have judgment against the tenants and the surety on their bond for the amount of the penalty recovered. Civil Code, § 5389; *Latham* v. *Perryman,* 77 *Ga.* 579; *Bennett* v. *Farkas,* 126 *Ga.* 228 (54 S. E. 942); *Jones* v. *Blackwelder,* 143 *Ga.* 402 (85 S. E. 122). The liability of the surety was decreased, it seems, by the judgment rendered in this case, as the judgment was rendered against him for single rent only and not double rent. Of this the plaintiff can not complain.

*Judgment affirmed. All the Justices concur.*

No. 2495. FEBRUARY 16, 1922.

Equitable petition. Before Judge Gower. Ben Hill superior court. February 1, 1921.

The South Georgia Building and Investment Company sued out a distress warrant against J. R. and Dorothy Wilcox, for the rent of the Lee-Grant hotel building. The Wilcoxes filed their affidavit denying that the rent distrained for was due, and gave bond for the eventual condemnation-money, with G. W. McLean, H. D. Vaughn, J. C. Peavy, and Will S. Haile as sureties. Thereafter the Georgia Building and Investment Company sued out a warrant against these tenants to dispossess them, on the ground that they were holding over beyond the term for which said hotel was rented by them. The tenants filed a counter-affidavit denying that their term had expired; and gave bond as required by law, upon which Paulk became surety.

At the January term, 1920, of Ben Hill superior court these two cases, by consent of the plaintiff and the defendants, were consolidated and tried as one cause. The jury returned a verdict for the plaintiff for the principal sum of $2700 and $78.75 interest, total $2778.75. On said verdict two judgments were rendered, one for the sum of $2778.75 against J. R. and Dorothy Wilcox as principals, and Paulk as surety, in the dispossessory-warrant proceeding; and the other judgment for the same sum was rendered against J. R. and Dorothy Wilcox as principals and the above-named sureties on their bond for the eventual condemnation-money in the distress-warrant case. The execution, which was issued on the judgment in the dispossessory-warrant proceeding, was levied on the property of Paulk as surety. Thereupon he filed his petition in this case against the plaintiff and the sheriff, to enjoin the sale of his property under said levy, on the ground that the verdict and the judgments thereon were void, and that the execution issued upon the judgment against himself as surety and his principal is likewise void, on the grounds (a) that the verdict was too vague, indefinite, and uncertain to form any basis upon which a legal judgment could be rendered; (b) because his liability had been increased by a consolidation of said cases; and (c) because the consolidation of the cases was illegal, and he was not bound by the verdict and judgment rendered in said consolidated cause.

The defendants demurred to the petition, on the grounds, first, that it set forth no cause of action; second, because there was no equity in the petition; and third, because the petitioner had a full and adequate remedy at law. The court sustained the demurrer and dismissed the petition. This is the error assigned.

*Myer Goldberg* and *Quincey & Rice,* for plaintiff.

*Wall & Grantham* and *A. J. & J. C. McDonald,* contra.