358

26821. FAUST *v.* BEALE.

DECIDED JULY 7, 1938.    ADHERED TO ON REHEARING, JULY 27, 1938.

*Thomas E. Scott, M. Herzberg,* for plaintiff in error.

*McElreath, Scott, Duckworth & DuVall, J. L. Riley,* contra.

STEPHENS, P. J.    ■    The act of 1933 (Ga. L. 1933 pp. 290, 294, § 42(h)), provides that "in all cases wherein the amount involved . . is $300 or more, the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court." Whether "the amount involved" is to be determined by the amount sued for or claimed in the pleadings, or by the amount represented in the verdict or judgment, the amount found for the plaintiff, in a verdict in the municipal court of Atlanta, where the amount was within the jurisdiction of the court and was recoverable under the pleadings, must be regarded as the amount sued for or claimed where no particular amount is sued for or claimed in the plead-

ings. See *Cox* v. *Dolvin Realty Co.*, 56 *Ga. App.* 649 (193 S. E. 467). Thus, in the trial of an issue formed by a counter-affidavit to a dispossessory warrant, in which no amount was sued for or claimed in the pleadings, where the jury found for the plaintiff in an amount over $300, to wit, $396 and costs of court, which was within the jurisdiction of the court and was authorized under the pleadings, the "amount involved" was over $300, and the judgment overruling the defendant's motion for new trial is reviewable by bill of exceptions to the Court of Appeals. The motion to dismiss the writ of error on the ground that the Court of Appeals is without jurisdiction, is denied.

■ Where, after a landlord has taken out a warrant to dispossess a tenant under the authority of the Code, § 61-301, which authorizes a summary dispossession of a tenant who holds possession of the rented premises over and beyond the term, or who fails to pay the rent when the same shall become due, and the tenant has arrested the proceedings and has continued in possession of the premises by having executed a counter-affidavit and bond as provided in the Code, § 61-303, the tenant, before the trial of the issue made by the counter-affidavit to the warrant to dispossess, surrenders possession of the premises to the landlord, the landlord, on the trial of the issue made by the tenant's counter-affidavit to the warrant to dispossess, if he is entitled to prevail, is not entitled to a writ of possession, but is entitled to recover only the statutory penalty of double rent. *Jones* v. *Blackwelder*, 143 *Ga.* 402 (3, 4) (85 S. E. 122).

■ Where, while the tenant is in possession of the premises by virtue of having made a counter-affidavit and bond to arrest the proceedings to dispossess, as provided in the Code, § 61-303, and before the trial of the issue made by the filing of such counter-affidavit, he becomes entitled to possession of the premises under and by virtue of another contract of rental between him and the landlord, his continued possession of the premises, after the beginning of the period of rental under the new contract, is under and by virtue of the new contract, and his possession under and by virtue of his having given the counter-affidavit and bond, as provided in the Code, § 61-303, has, on the arrival of the new period, become terminated and been surrendered to the landlord. This is true notwithstanding the new contract of rental, which

by its terms gave possession of the premises at a future date, had been made and executed before the institution of the proceedings to dispossess the tenant, and during the existence of the former contract.

■ On the trial of the issue formed by the counter-affidavit filed by the tenant to the warrant to dispossess on the ground of his failure to pay the rent, where it appeared without dispute from the evidence that the tenant had not paid the rent as claimed, which was at the contract rate of $60 per month, that the possession of the premises, at some indefinite date prior to the issuance of the warrant to dispossess which was on August 5, 1937, and after July 30, 1937, had been demanded of the tenant and he had refused to give possession, that after the tenant had arrested the proceedings by executing the counter-affidavit and bond required, and was in possession of the premises under and by virtue of his having arrested the proceedings, a new contract of rental between the landlord and the tenant which had been executed July 17, 1937, which was during the existence of the former contract and before the institution of the proceedings to dispossess, by which new contract the premises were leased to the tenant for a period of one year beginning, afterwards, on September 1, 1937, that the possession which the tenant had held under and by virtue of his having arrested the proceedings to dispossess by the execution of the counter-affidavit and bond as provided by law, had terminated and been surrendered to the landlord, and that at the time of the trial, which was on November 23, 1937, the tenant's possession of the premises was under the new contract of rental which had gone into effect on September 1, 1937, the judgment of the court, passing on the law and the facts without the intervention of a jury, in so far as it found that the landlord was entitled to the possession of the premises, and in so far as it found for the landlord in the sum of $396 which represented double rent at the contract rate to the date of the verdict, was without evidence to support it and was contrary to law. The evidence, however, was sufficient to authorize the finding for the landlord in the amount of $100 representing double the rent at the contract rate of $60 per month from August 5, 1937, the date of the issuance of the warrant to dispossess, to September 1, 1937, the date on the arrival of which the tenant's possession of the

361

premises, which he had held under and by virtue of his counter-affidavit and bond by which he arrested the dispossessory proceedings, had terminated and been surrendered to the landlord. *Hindman* v. *Raper,* 143 *Ga.* 643 (2) (85 S. E. 843). Direction is given that the verdict and judgment be modified by striking therefrom the finding that the landlord is entitled to the possession of the premises, and the direction that the marshal of the court proceed immediately to dispossess the tenant and to deliver possession of the premises to the landlord, and that the verdict and judgment for the plaintiff, which is in the sum of $396, be reduced, and that a verdict and judgment be entered for the plaintiff in the sum of $100 and court costs.

*Judgment affirmed, with direction. Sutton and Felton, JJ., concur.*