28333. WILSON *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

DECIDED MAY 31, 1940.

*J. H. Dorsey, Henry B. Sutton,* for plaintiff in error.
*E. F. Strozier,* contra.

SUTTON, J. The Prudential Insurance Company of America, as owner, sued out a dispossessory proceeding to evict Monroe Wilson and John Wilson from a described tract of land in Wilcox County, on January 19, 1939. It was stated in the affidavit, that

Monroe Wilson rented the land for the year 1938, for which he was to pay $150 rent; that his term of rental expired on December 31, 1938; that the Wilsons were holding possession of the land over and beyond the term for which it was rented, John Wilson holding as a subtenant under Monroe Wilson; that possession had been demanded of them, and refused; that Monroe Wilson had failed and refused to pay the rent; and that the amount due was $150. On January 25, 1939, Monroe Wilson and John Wilson filed a joint counter-affidavit and bond to arrest the proceedings to dispossess, as provided by the Code, § 61-303, reciting that their term of rental had not expired, and that they were not holding over and beyond the term as claimed by the landlord. At the trial on December 4, 1939, Monroe Wilson offered an amendment to his counter-affidavit, to the effect that he signed it through error and mistake, that he was not holding the property when the warrant to dispossess was taken out, and "that it was his intention of filing a disclaimer of any rights in said place in the year 1939, and that he signed said counter-affidavit and bond thinking it had the effect to be a disclaimer of any rights in said premises as tenant for the year 1939." The court refused to allow the proffered amendment. The undisputed evidence showed that the land in question was rented by the plaintiff to Monroe Wilson for the year 1938, at a rental of $150, and that this rent had not been paid. The plaintiff waived its claim for double rent, and insisted on recovering only the stipulated rent for 1938, with interest. The jury found in favor of the plaintiff against Monroe Wilson, as tenant holding over, $150 principal, and $13.12 interest, and judgment was rendered for said amounts against him as principal and H. J. Wilson as surety on the bond. Monroe Wilson excepted to the disallowance of his amendment, and the overruling of his motion for new trial.

The questions to be determined are: Did the court err (1) in disallowing the proffered amendment; (2) and in refusing to allow the movant to testify as to what was set up in the amendment?

1. "In dispossessory proceedings the tenant against whom the proceedings have been instituted can not, after resisting and arresting the same by making a counter-affidavit and giving bond, subsequently withdraw his counter-affidavit and bond to the prejudice of the landlord's right to recover, . . and to enter up judgment

. . against the tenant and the sureties on the bond. *Parker* v. *Beeman,* 28 *Ga.* 475." *Jones* v. *Blackwelder,* 143 *Ga.* 402 (3) (85 S. E. 122). Having arrested the proceedings by counter-affidavit and bond, and under the issue thus raised the plaintiff being entitled to recover, the defendant can not by his own voluntary act of withdrawal avoid the judgment against him and his surety on the bond.

2. Under the law and the undisputed evidence, the plaintiff was entitled to recover against Monroe Wilson the stipulated rental for the year 1938, with interest, and was entitled to enter judgment therefor against him as principal and the surety on his bond, as in cases of appeal. *Latham* v. *Perryman,* 77 *Ga.* 579; *Jones* v. *Blackwelder,* supra.

3. The court did not err in disallowing the amendment, in refusing to allow the defendant to testify as to its contents, and in overruling the motion for new trial. The general grounds of the motion, not having been argued or insisted on in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Broyles, C. J., and Felton, J., concur. Stephens, P. J., disqualified.*