30053. BLOODWORTH v. EDWARDS.

DECIDED MAY 15, 1943.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*C. A. Cunningham, J. M. Hancock,* contra.

SUTTON, J. This was a dispossessory - warrant proceeding in the municipal court of Macon, based on the ground that the defendant failed to pay the sum of $13.20 when due. The defendant filed a counter affidavit, and on the trial made a motion to dismiss the proceeding on the ground that the affidavit on which the warrant was based was void for certain reasons stated. The court overruled the motion, and the exception is to that judgment.

The defendant in error has made a motion to dismiss the writ of error on the ground that this court is without jurisdiction to entertain the same for the reason that the amount involved is less than $50, viz., $13.20, and that no direct bill of exceptions will lie from the municipal court of the City of Macon to the Court

of Appeals of Georgia except by the provisions of the act of 1935 (Ga. L. 1935, pp. 534, 535, par. (e)), which provides: ".Be it further enacted by the authority aforesaid that in all cases wherein the amount involved, exclusive of interest, attorney's fees, and costs is more than $50, an appeal shall lie by writ óf error to the Court of Appeals of Georgia or Supreme Court from the judgment, order or ruling of said municipal court in the same manner judgments, orders and rulings of the superior court are now reviewed."

The object and purpose of a dispossessory - warrant proceeding is to obtain possession of the premises claimed to be unlawfully withheld. It is not a proceeding to collect rent, and the fact that the failure of the tenant to pay rent is alleged as the ground for issuing the dispossessory warrant does not change the situation. The amount of rent mentioned in the affidavit and warrant as being due, $13.20, does not fix the amount involved in the case. It was held in *E. Tris Napier Co.* v. *Brown,* 23 *Ga. App.* 212 (98 S. E. 120), that the act of 1913 (Ga. L. 1913, p. 252), creating the municipal court of Macon and conferring power and authority to try and dispose of all civil cases or proceedings in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed $500, did not give the court jurisdiction to try a dispossessory - warrant case. See also *Tomlin* v. *Harper,* 6 *Ga. App.* 808 (65 S. E. 1093). Since the decision of this court in *E. Tris Napier Co.* v. *Brown,* supra, was rendered, the municipal court of the City of Macon has been given jurisdiction to try and determine a dispossessory-warrant case (Ga. L. 1937, pp. 1195, 1196); but no express provision has been made for reviewing a judgment of that court in such proceeding by direct bill of exceptions to this court. The losing party would have the constitutional right to have such judgment reviewed by certiorari to the superior court, but, in the absence of legislative enactment so authorizing, could not have such judgment reviewed by a direct bill of exceptions to the Court of Appeals. The only provision now effective that has been made by the legislature for reviewing a judgment rendered by the municipal court of the City of Macon is that set out above, to the effect that in all cases wherein the amount involved is more than $50 an appeal will lie by writ of error to the Court of Appeals of Georgia, etc. Nevertheless, no amount being involved in the present case within the meaning of

the provision just referred to, this court is without jurisdiction to entertain the writ of error, and the same is dismissed.

*Writ of error dismissed. Stephens, P. J., and Felton, J., concur.*