31276, 31277.   HEALEY REAL ESTATE & IMPROVEMENT
COMPANY *v.* WILSON; and *vice versa.*

Decided June 13, 1946.   Rehearing denied July 5, 1946.

*T. M. Smith, MacDougald, Troutman & Arkwright,* for plaintiff.
*Noah J. Stone, A. E. Wilson,* for defendant.

Sutton, P. J.   ■   This was a dispossessory-warrant proceeding
in the Civil Court of Fulton County, based on an affidavit of the
plaintiff, that (1) the defendant failed to pay the rent due, and
(2) that the defendant was holding over and beyond the term for
which the premises were rented or leased to him and had refused
the demand of the owner to surrender possession of the same.   The
defendant filed a counter-affidavit, denying the allegations of the
affidavit of the plaintiff, and a plea to the jurisdiction of the court.
On the trial, the judge, trying the case without a jury, found
against the plea to the jurisdiction, to which judgment the defend-
ant excepted pendente lite.   On the trial of the issues made by the
dispossessory warrant and the counter-affidavit, the judge found in
favor of the defendant.   The plaintiff made an oral motion for a
new trial, which it later abandoned in open court, and filed a writ-
ten motion for a new trial, which it amended.   The judge over-
ruled the motion for a new trial, and the plaintiff excepted by direct
bill of exceptions.   The defendant, by cross-bill of exceptions, ex-
cepted to the judgment finding against his plea to the jurisdiction
and overruling the motion to dismiss the plaintiff's motion for a
new trial.

After the cases made by the bill and cross-bill of exceptions were
filed and docketed in this court, the defendant filed a timely writ-
ten motion in this court to dismiss the writ of error upon the ground

that a direct bill of exceptions would not lie from the Civil Court of Fulton County to the Court of Appeals from a judgment of the lower court in a dispossessory-warrant proceeding, and upon the further ground that the bill of exceptions was premature because the oral motion for a new trial, made by the plaintiff in the court below, had never been dismissed by that court but was still pending therein.

We think that the writ of error in the present case must be dismissed for lack of jurisdiction in this court to entertain it. While the Civil Court of Fulton County had jurisdiction to entertain and try the issues made by the dispossessory warrant and counter-affidavit thereto, there is no express authority for reviewing a judgment of that court in such proceeding by a direct bill of exceptions to this court. The act of March 10, 1933 (Ga. L. 1933, p. 290 et seq.), provides in part: "Section 42. Be it enacted . . that new trials may be granted in said court upon the same grounds upon which new trials may be granted in the superior courts of this State, and according to the same method of procedure, except as it may hereinafter be provided. (a) In all cases tried in said court . . upon the announcement of judgment in a case tried without a jury, any party to said cause or his counsel may make an oral motion for a new trial in said court, where the amount involved, exclusive of interest, attorneys' fees, and costs, is less than three hundred dollars. . . (c) In all cases wherein the amount involved, exclusive of interest, attorneys' fees, and cost, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for a new trial or the final order or judgment of the trial judge, as the case may be, to the Appellate Division of said court; . . (h) In all cases wherein the amount involved, exclusive of interest, attorneys' fees, and costs, is three hundred dollars or more, the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, in the same manner judgments and orders of the superior courts are now reviewed, . . Section 42-C. Be it further enacted . . that whenever in this act the term 'amount involved, exclusive of interest, attorneys' fees, and costs,' is used, it shall be held to mean the principal amount sued for, or the value of the property sued for or claimed, or the

alleged amount of the lien sought to be enforced by the plaintiff, or the principal amount sued for, or the alleged value of the property sued for or claimed, or the alleged amount of the lien sought to be enforced by the defendant by setoff or counterclaim, in the event the amount of such setoff or counterclaim exceeds the amount sued for, or the alleged value of the property sued for or claimed, or the alleged amount of the lien sought to be enforced by the plaintiff.".

The plaintiff in error contends that, at the time of the trial in the court below, the evidence showed without dispute that more than three hundred dollars was due the plaintiff as double rent on the premises sought to be recovered; and that, for this reason, it had the right to appeal by direct bill of exceptions to the Court of Appeals from the judgment of the lower court overruling its amended motion for a new trial.

It was ruled by this court in *Bloodworth* v. *Edwards,* 69 *Ga. App.* 427, 428 (25 S. E. 2d, 831) that: "The object and purpose of a dispossessory-warrant proceeding is to obtain possession of the premises claimed to be unlawfully withheld. It is not a proceeding to collect rent, and the fact that the failure of the tenant to pay rent is alleged as the ground for issuing the dispossessory warrant does not change the situation. The amount of rent mentioned in the affidavit and warrant as being due, $13.20, does not fix the amount involved in the case." In the present case, the affidavit upon which the dispossessory warrant issued was made upon two distinct grounds, one of which was that the defendant failed to pay the rent then due, without designating any specific amount as being due; and the other was that the defendant was holding the premises over and beyond the term for which they were rented to him, and had refused the demand of the owner for the same.

The dispossessory-warrant proceeding was not instituted for the purpose of recovering rent from the defendant, but to recover possession of the premises from him; and the double rent sought to be recovered was not claimed by the landlord as a debt growing out of the original contractual relationship of landlord and tenant, but was claimed as incidental to the action and in the nature of a penalty to be inflicted upon the tenant for unlawfully withholding the premises from the landlord after it had demanded possession of the same. *Hamilton* v. *McCroskey,* 112 *Ga.* 651 (37 S. E. 859);

*Carter* v. *Sutton,* 147 *Ga.* 496 (94 S. E. 760). A dispossessory warrant is a summary statutory proceeding by a landlord to obtain possession of premises from his tenant, and its purpose is not to collect rent claimed to be due but to determine the right of possession to the premises between landlord and tenant. *Fitzgerald Trust Co.* v. *Shepard,* 60 *Ga. App.* 674 (4 S. E. 2d, 689). The only money judgment which can be obtained by the landlord in such a proceeding is the statutory penalty of double rent, which is granted as an incident to the writ placing him in possession of the premises. *Broadwell* v. *Maxwell,* 35 *Ga. App.* 769 (4) (134 S. E. 808). Also see *Frazier* v. *Beasley,* 59 *Ga. App.* 500 (1 S. E. 2d, 458).

From the testimony of the plaintiff in error in this case, it appears that the tenant tendered the rent at the time it was due, and the plaintiff in error refused to accept the rent because it wanted possession of the office space occupied by the tenant; that, at the time the affidavit was made and the dispossessory warrant issued, the tenant had tendered all the rent that was due on the premises to the landlord; and that the landlord had refused to accept it. On the trial, the judgment was in favor of the defendant, and there was no judgment in favor of either party for three hundred dollars or more. The pleadings of neither party in this case make any claim for a judgment in the sum of three hundred dollars or more. While the court in a dispossessory-warrant proceeding, where the tenant files a counter-affidavit and bond, has the power, where authorized by the facts, to award the landlord the statutory penalty of double rent against the tenant along with and as incidental to the writ evicting the tenant from the premises, still the controversy between the parties here was not one for rent, but was one for the possession of the premises occupied by the tenant, for which possession the dispossessory warrant issued. Hence, under the facts and the definition of 'amount involved, exclusive of interest, attorneys' fees, and costs,' as used in the act of March 10, 1933, no amount was in controversy between the parties in the present action.

No amount being in controversy between the parties under the facts of this case, within the meaning of the provisions of the act of March 10, 1933, above mentioned, this court is without jurisdiction to entertain the present writ of error, and the same must be dismissed. *Bloodworth* v. *Edwards,* supra. Also see *Tomlin*

v. *Harper,* 6 *Ga. App.* 808 (65 S. E. 1093); *E. Tris Napier Co.* v. *Brown,* 23 *Ga. App.* 212 (98 S. E. 120); *Rigell* v. *Sirmans,* 123 *Ga.* 455 (51 S. E. 381).

The case of *Shehane* v. *Eberhart,* 30 *Ga. App.* 265 (117 S. E. 675), cited and relied on by the plaintiff in error, was reversed by the Supreme Court on certiorari to this court. *Shehane* v. *Eberhart,* 158 *Ga.* 743 (124 S. E. 527). The cases of *Roberson* v. *Weaver,* 145 *Ga.* 626 (89 S. E. 769), *Jones* v. *Blackwelder,* 143 *Ga.* 402 (85 S. E. 122), *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662), *Jefferson* v. *Glaze,* 134 *Ga.* 842 (68 S. E. 580), *Mitchell* v. *Masury,* 132 *Ga.* 360 (64 S. E. 275), *Moore* v. *Collins,* 36 *Ga. App.* 701 (138 S. E. 81), *Crider* v. *Hedden,* 26 *Ga. App.* 737 (107 S. E. 345), and *Atlantic Coast Line R. Co.* v. *Snodgrass & Co.,* 14 *Ga. App.* 668 (82 S. E. 153), cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case, and the rulings therein made do not require or authorize a ruling in the present case different from the one herein made. We have carefully examined the rulings in *Tomlin* v. *Harper,* supra, *E. Tris Napier Co.* v. *Brown,* supra, *Bloodworth* v. *Edwards,* supra, and *Rigell* v. *Sirmans,* supra, and are of the opinion that those rulings, in so far as applicable to the issues involved in the present case, are sound, and therefore we decline to have the same reviewed, as requested by the plaintiff in error.

█ Since the writ of error in the main bill is being dismissed, the exceptions taken by the defendant in error in his cross-bill of exceptions will not be considered.

*Writs of error dismissed. Felton and Parker, JJ., concur.*