## 31506. FRANZEN *v.* WALL *et al.*

FELTON, J. Where a landlord causes a dispossessory warrant to issue in order to obtain possession of certain premises on the grounds that the tenant is holding over and beyond his term and fails to pay the rent, the action is one to obtain possession of the premises and not to collect rent; and, therefore, there is no amount involved within the contemplation of the statute authorizing a direct bill of exceptions to the Court of Appeals to review a judgment of the Civil Court of Fulton County where the amount involved is $300 or more; and hence the Court of Appeals lacks jurisdiction to review the judgment of the Civil Court of Fulton County overruling the tenant's motion for a new trial. Ga. Laws, 1933, pp. 292, 296, secs. 1, 3; *Healey Real Estate &c. Co.* v. *Wilson,* 74 *Ga. App.* 63 (38 S. E. 2d, 747); *E. Tris Napier Co.* v. *Brown,* 23 *Ga. App.* 212 (98 S. E. 120); *Bloodworth* v. *Edwards,* 69 *Ga. App.* 427 (25 S. E. 2d, 831); *Tomlin* v. *Harper,* 6 *Ga. App.* 808 (65 S. E. 1093); *Cox* v. *Dolvin Realty Co.,* 56 *Ga. App.* 649 (193 S. E. 467). If there be any ruling in *Faust* v. *Beale,* 58 *Ga. App.* 358 (198 S. E. 313), to the contrary, such ruling must yield to the older authorities cited above. In the case of *Dobbs* v. *Sims,* 74 *Ga. App.* 1 (38 S. E. 2d, 680), it was not the intention of the court to make an authoritative ruling on the question. We have examined the original record in that case and the question under consideration was not raised or argued. The writ of error is, consequently,

*Dismissed. Sutton, P. J., and Parker, J., concur.*

DECIDED FEBRUARY 5, 1947. REHEARING DENIED FEBRUARY 27, 1947.

*E. A. Wright, Noah J. Stone,* for plaintiff in error.
*Scott, Wiggins, Grizzard & Smith,* contra.