DILLON *v.* CONTINENTAL TRUST COMPANY, and related cases.

No. 10170. JULY 28, 1934.

Hendrix & Buchanan, M. H. Collier, Cotterill, Hopkins, Bryan & Ward, Clinton Cox, James F. Cox, Mayson & Johnson, Estes Doremus, Ralph R. Quillian, Guy Tyler, Dillon, Calhoun & Dillon, Walter A. Sims, Joseph E. Berman, Mitchell & Mitchell, Joseph D. Lewis, John M. Seale, Tye, Thomson & Tye, R. A. Edmondson Jr., William S. Shelfer, G. Seals Aiken, Eugene Dickey, A. W. & M. V. Higdon, Alvin L. Richards, Thomas M. Stubbs, Will Gunn, Sutherland & Tuttle, William T. Dean, Ralph H. Pharr, Smith, Smith & Bloodworth, Weltner, Meadow & Russell, McElreath & Scott, J. Lon Duckworth, Dorsey & Shelton, John W. Crenshaw, Drennan & Giles, L. P. Skeen, Jones, Fuller, Russell & Clapp, Roy S. Drennan, C. N. Davie, J. F. Kemp, H. T. Golightly, Spalding, MacDougald & Sibley, Sumter M. Kelley, Albert E. Mayer, William G. Grant, F. M. Bird, A. A. Marshall, J. K. Jordan, J. N. Johnson, John L. Westmoreland, Leonard Haas, Frank Carter, F. A. Hooper, Hughes Roberts, Robert B. Troutman, Morris Brandon, Inman Brandon, Scott Candler, Frank Harwell, Edgar Watkins, and Samuel D. Hewlett, for plaintiffs in error.

BECK, P. J. ■ The Court of Appeals certified certain questions to this court. Among them is the question whether the amendment to the constitution of this State, provided for by the act of 1927 (Georgia Laws 1927, p. 117), and the enabling act of 1933, subsection (g) of section 42, passed thereunder (Georgia Laws 1933, p. 290), give jurisdiction to that court to consider a bill of exceptions from the municipal court of Atlanta.

In 1912 (Ga. Laws 1912, p. 30), article 6, section 7, paragraph 1, of the constitution was so amended as to read as follows: "There

shall be in each militia district one justice of the peace whose official term, except when elected to fill an unexpired term, shall be four years; *provided, however,* that the General Assembly may, in its discretion, abolish justice courts and the office of justice of the peace and of notary public ex-officio justice of the peace in any city of this State having a population of over twenty thousand, except the City of Savannah, and establish in lieu thereof such court or courts or system of courts as the General Assembly may, in its discretion, deem necessary, conferring upon such new court, or courts, or system of courts, when so established, the jurisdiction as to subject-matter now exercised by justice courts and by justices of the peace and notaries public ex-officio justices of the peace, together with such additional jurisdiction, either as to amount or subject-matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution; together also with such provision as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the superior court or Court of Appeals, or the Supreme Court, as the General Assembly may from time to time, in its discretion, provide or authorize. Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia." Under the power and authority thus given by the part of the constitution just quoted, the General Assembly by the act of 1913 (Ga. Laws 1913, p. 145) abolished justices' courts in the City of Atlanta, and established in lieu thereof a new system of courts, and provided for the correction of errors in such court by writ of error to the Court of Appeals, and cases were carried to the Court of Appeals by writ of error under the provisions of this act. But in 1916 the General Assembly proposed an amendment to the constitution of the State of Georgia (Georgia Laws 1916, p. 19), under the terms of which the General Assembly was authorized to provide for the correction of errors in cases tried in the superior courts and in the city court of Atlanta and like city courts. This proposed amendment was adopted and became a part of the constitution. The portion of the amendment of 1916 material to the question here under consideration reads as follows: "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior

courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law."

Subsequently to the constitutional amendment of 1916, just referred to, this court, in the case of *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278), rendered a decision in which it was held: "The constitutional amendment of 1912 authorized the abolition of justices' courts in certain cities, with authority in the legislature to establish in lieu thereof municipal courts, with provision for the correction of errors in and by such courts by the superior court, or Supreme Court, or Court of Appeals. The act creating the municipal court of Atlanta (Acts 1913, p. 145) provided for a writ of error to the Court of Appeals. The constitutional amendment of 1916 allows writs of error to the Supreme Court and Court of Appeals only from superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities. The municipal court of Atlanta is not a court like the city court of Atlanta or that of Savannah. The provision of law for a writ of error from the municipal court of Atlanta to the Court of Appeals is repealed by the amendment of 1916." Or, briefly stated, this court held that the provision of the amendment of 1912, authorizing the legislature to provide for writs of error from municipal courts, by necessary implication was repealed by the amendment of 1916. But in 1927 (Georgia Laws 1927, p. 117) the legislature passed an act proposing an amendment to article 6, section 7, paragraph 1, of the constitution, which provided that the legislature might abolish justices' courts and the office of justice of the peace and notary public ex-officio justice of the peace in certain cities, and establish in lieu thereof such courts or systems of courts as the General Assembly might deem necessary, provide for the jurisdiction, for rules of procedure, etc.; so that the amended section of the constitution referred to, when amended, should read as follows: "There shall be in each militia district one justice of the peace, whose official term, except when elected to fill an unexpired term, shall be four years; provided, however, that the General Assembly may, in its discretion, abolish justice courts and the office of justice of the peace and of notary

public ex-officio justice of the peace in any city of this State having a population of over twenty thousand, and establish in lieu thereof such court or courts or system of courts as the General Assembly may, in its discretion, deem necessary, conferring upon such new court or courts or system of courts, when so established, the jurisdiction as to subject-matter now exercised by justice courts and by justices of the peace and notaries public ex-officio justices of the peace, together with such additional jurisdiction, either as to amount or subject-matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution; together with such provision as to rules and procedure in such courts, and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the superior court, or Court of Appeals, or the Supreme Court, as the General Assembly may, from time to time, in its discretion, provide or authorize. Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia. And provided, however, that the General Assembly, in its discretion, may abolish justice courts and the office of justice of the peace and notary public ex-officio justice of the peace in any county in this State having within its borders a city having a population of over twenty thousand, and establish in lieu thereof such court or courts or system of courts as the General Assembly may, in its discretion, deem necessary, or conferring upon existing courts, by extension of their jurisdiction, the jurisdiction as to subject-matter now exercised by justice courts and by justices of the peace and notaries public ex-officio justices of the peace; together with such additional jurisdiction, either as to amount or to subject-matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution; together also with such provisions as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the superior court or the Court of Appeals or the Supreme Court as the General Assembly may, from time to time, in its discretion, provide or authorize. The municipal court of Atlanta shall have jurisdiction in Fulton County and outside the city limits of Atlanta either concurrently with, or supplemental to, or in lieu of justice courts, as may be now or here-

after provided by law. Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia."

The proposed constitutional amendment of 1927 was duly ratified. Subsequently to the ratification of the amendment containing the provisions just quoted, and pursuant to the amendment of 1927, the legislature, in 1933, passed an act which makes provision for direct bills of exception to the Supreme Court or Court of Appeals from the municipal court of Atlanta. In subsections (g) and (h) of section 42 of the act of 1933 (Georgia Laws 1933, p. 294), the following language is used: (g) "All judgments, orders, and rulings of the appellate division of said court shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, as the case may be, in the same manner judgments of the judges of the superior court are now reviewed. It shall be the duty of the chief judge of said court to designate one of the three judges sitting in said appellate division to act as presiding judge, whose official title shall be that of 'Presiding Judge in the Appellate Division' of said court, and whose duty it shall be to certify to all bills of exceptions and to grant supersedeas in the manner the same are certified to and granted by judges of the superior courts. In the absence or disqualification of the presiding judge, either of the associate judges of said appellate division may perform the duties herein imposed on the presiding judge. (h) In all cases wherein the amount involved, exclusive of interest, attorney's fees, and costs, is three hundred dollars or more, the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, in the same manner judgments and orders of the superior courts are now reviewed, and in such cases the trial judge shall have the same powers and duties respecting supersedeas as the judges of the superior court now have." In view of the express constitutional provision contained in the amendment of 1927 and the act of the legislature to which we have referred, bills of exceptions from the municipal court of Atlanta to the Court of Appeals will lie. The amendment of 1927 abrogates or repeals the amendment of 1916 to such an extent as to re-enact the amendment of 1912 allowing direct appeals from the municipal court of Atlanta. See *Johnston* v. *Brenau College-*

*Conservatory,* 146 *Ga.* 182 (91 S. E. 85) ; *Cooney* v. *Foote,* 142 *Ga.* 647 (83 S. E. 537, Ann. Cas. 1916B, 1001) ; *Collier* v. *Duffell,* 165 *Ga.* 421 (141 S. E. 194). In view of the plain language of the constitutional amendment of 1927 and the enabling act of 1933, we are of the opinion that the Court of Appeals has jurisdiction to determine the questions raised in a bill of exceptions from the municipal court of Atlanta.

■ The third question propounded by the Court of Appeals is as follows: "Are the provisions of the act of the General Assembly of this State, approved March 10, 1933 (Ga. L. 1933, p. 290), providing for the correction of errors by the Court of Appeals in cases tried in the municipal court of Atlanta, Fulton section, on bills of exceptions from judgments of the trial judges of that court and of the appellate division of that court, unconstitutional upon the ground that the power or authority of the General Assembly to make provision for the correction of errors by the Court of Appeals is limited by the provisions of an amendment to the constitution of this State, proposed August 19, 1916 (Ga. L. 1916, p. 19), which authorizes the General Assembly to provide for the correction by the Court of Appeals of errors in cases tried in the superior courts and the city courts within certain limitations, and by an amendment to the constitution, proposed August 20, 1927 (Ga. L. 1927, p. 117), which authorizes the General Assembly to provide for the correction by the Court of Appeals of errors in cases tried in a court or courts or system of courts established 'in a county of this State having within its borders a city having a population of over 20,-000,' where justices' courts and the office of justice of the peace and notaries public ex-officio justices of the peace in and throughout the entire county, including the territory within the county which lies within the corporate limits of a city as well as within the boundaries of the county outside the corporate limits of a city, have been abolished, and the court or courts or system of courts so established are established in lieu of the justices' courts and the offices of justice of the peace and notaries public ex-officio justices of the peace so abolished, and there has been conferred upon the court or courts or system of courts so established all the jurisdiction, throughout the entire county, which otherwise, under the constitution and laws, is conferred upon the justice's court and the office of justice of the peace and notary public ex-officio justice of the

peace, and that the General Assembly has no power or authority to make provision for the correction of errors in cases tried in courts other than courts above described, and that the said sections of the act of 1933 provide for the correction by the Court of Appeals of errors in cases tried in a court which is neither a superior court nor a city court nor a court of the character authorized by the said amendment of 1927 to the constitution of this State, in that the municipal court of Atlanta, Fulton section, is a court which has not had conferred upon it jurisdiction, throughout the entire territorial limits of the County of Fulton in which it is located, in all matters otherwise within the jurisdiction of the justice's court, the justice of the peace and notary public ex-officio justice of the peace, and the justices' courts and the offices of justice of the peace and notaries public ex-officio justices of the peace in the County of Fulton outside the corporate territorial limits of the City of Atlanta have not been abolished, but the municipal court of Atlanta, Fulton section, is a court not in lieu of the justices' courts, the justices of the peace and notaries public ex-officio justices of the peace, throughout the entire territorial limits of the County of Fulton, but is a court in lieu of justices of the peace, justices' courts, justices of the peace, and notaries public ex-officio justices of the peace only within the corporate territorial limits of the City of Atlanta, and possesses the entire jurisdiction in all matters within the jurisdiction of the justices' courts and of the justices of the peace and notaries public ex-officio justices of the peace only within the corporate territorial limits of the City of Atlanta (see Ga. L. 1925, p. 370, §§ 1, 10) ; or in that the municipal court of Atlanta, Fulton section, is not a court of the character authorized and provided for by the said amendment of 1927 to the constitution of this State, for the reason that it is not established 'in a county of this State having within its borders a city having a population of over 20,000,' because the County of Fulton in which it is located does not contain within its borders the entire incorporated limits of a city having such a population of over 20,000, the only city having such a population which has any of its incorporated territory within the limits of Fulton County being the City of Atlanta, whose limits embrace territory in both Fulton and DeKalb Counties?" The question itself is followed by a recital of certain parts of the act of 1933 relating to the municipal court of Atlanta; that is, the part embraced

in section 1, subsections 42(g) and 42(h), as well as portions of the amendments of 1916 and of 1927 to the constitution of this State, the material and pertinent portions of which were set forth in the first division of this question.   Fulton County is a county of this State having within its borders a city having a population of over 20,000.   And this is true though the limits of the city extend into another county, there being in that portion of the city which is located in Fulton County a population of over 20,000.   And it follows from what we have said in the first division of this opinion that the Court of Appeals has jurisdiction to determine the questions raised in a bill of exceptions from the municipal court of Atlanta, for the reason that the amendment to the constitution proposed in the act of 1927, which was duly ratified, being the last constitutional pronouncement upon the subject involved here, gives to the Court of Appeals jurisdiction to entertain bills of exceptions from the municipal court of Atlanta, as therein stated.

■   The second question propounded by the Court of Appeals is: "Has the General Assembly of this State the power or authority, under the constitution of this State, to provide for the correction of errors by the Court of Appeals in cases tried in the municipal court of Atlanta, Fulton section, on bills of exceptions from that court?" The answer to this question follows the answers to the first and third questions, because it is based upon those answers; and the anwer is, the General Assembly of this State has the power and authority, under the constitution of this State, to provide for the correction of errors by the Court of Appeals in cases tried in the municipal court of Atlanta, on bills of exceptions from that court.

■   The fourth question propounded by the Court of Appeals is set forth and answered in the fourth headnote.

■   The fifth question of the Court of Appeals is as follows: "Section 1, section 42(h), of the act approved March 10, 1933 (Ga. L. 1933, p. 290), amending an act approved August 13, 1913, and acts amendatory thereof, creating and establishing the municipal court of Atlanta, Fulton section, provides that 'the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, in the same manner judgments and orders of the superior courts are now reviewed.'   Does this provision of the act authorize the Court

of Appeals to review, by bill of exceptions, a judgment by a judge of the municipal court of Atlanta, Fulton section, which is not a final disposition of the case, but the case is still pending in the court, and the judgment complained of, 'if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause,' as where a general demurrer to a petition is overruled; and is authority conferred upon the Court of Appeals, by said provision of the statute, to review by bill of exceptions a judgment of a judge of the municipal court of Atlanta, Fulton section, overruling a general demurrer to a petition?" This question is answered in the affirmative.

■ The sixth question propounded by the Court of Appeals is as follows: "As respects cases tried in the municipal court of Atlanta, Fulton section, 'wherein the amount involved, exclusive of interest, attorney's fees, and costs, is $300 or more,' and wherein 'the order overruling or refusing the motion for a new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, in the same manner judgments and orders of the superior courts are now reviewed,' as provided in section 1, subsection 42(h), of the act approved March 10, 1933 (Ga. L. 1933, p. 290), amendatory of the act creating the municipal court of Atlanta and amendments thereto, must a bill of exceptions to a judgment of a trial judge of that court, overruling a motion for a new trial, 'be presented to the trial judge within fifteen days from the date of the ruling complained of,' as provided in section 1, subsection 42(b), of that act; or, under the provisions contained in subsection 42(h) thereof, may the bill of exceptions be presented to the judge for certification within the time from the rendition of the judgment complained of provided for by law for presenting for certification bills of exceptions to judgments and orders of the superior courts? This question applies specifically to Case No. 23361, *Jenkins* v. *Federal Life Insurance Company,* in which the judgment of a judge of the municipal court of Atlanta, Fulton section, which was a judgment overruling a motion for a new trial, was rendered on May 11, 1933, and the bill of exceptions wherein this judgment is excepted to was presented to the judge for certification and was certified by him on June 6, 1933, which was more than fifteen days, but within thirty days, from the date of the judgment complained

of." This court is of the opinion that a bill of exceptions to review a final order or judgment of the municipal court of Atlanta, under the provisions of the act approved March 10, 1933 (Ga. L. 1933, p. 290), must be presented to the trial judge within fifteen days from the date of the ruling complained of. This is in accordance with the provision of section 1, subsection 42(b). The provision of subsection 42(h), to the effect that in cases involving three hundred dollars, or more, the order or judgment of the trial court as therein specified shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court in the same manner as judgments and orders of the superior courts are now reviewed, relates to the nature and character of the proceeding by which a review is sought, and, when construed with the provision of section 42(b), does not purport to fix the time within which the bill of exceptions must be presented. In other words, construing these two subsections together, they appear to be consistent; subsection 42(b) prescribing the time within which a bill of exceptions must be presented, and subsection 42(h) prescribing the method of procedure as to matters other than the time within which a bill of exceptions must be presented. The answer to question six, therefore, is that the bill of exceptions must be presented to the trial judge within fifteen days from the date of the ruling complained of.

■ The seventh question of the Court of Appeals is as follows: "Is that portion of section 1, subsection 42(b), of the act approved March 10, 1933 (Ga. L. 1933, p. 290), which provides that 'all rulings of the trial court [that is the municipal court of Atlanta, Fulton section] which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of, and ordered filed and transmitted to the appellate division of said court or to the Court of Appeals or the Supreme Court, as the case may, as hereinafter provided for in case of appeals to said appellate division or bills of exceptions to the Court of Appeals or Supreme Court,' wherein it provides for the presentation to the trial judge of the bill of exceptions within *fifteen* days from the date of the ruling complained of, where the bill of exceptions is to be transmitted to the Court of Appeals, uncon-

stitutional as being a special law having application only to cases tried in the municipal court of Atlanta, Fulton section, where provision had already been made by a general law, as contained in section 6152 of the Civil Code of 1910, for the tendering of bills of exceptions to the judge who presided in the cause, for certification, within thirty days from the adjournment of the court, or the date of the decision at chambers, except where the court does not adjourn within thirty days from the date of its organization and opening; and as violative of that provision of the constitution of this State contained in article 1, section 4, paragraph 1, as it appears in section 6391 of the Civil Code of 1910, which provides that 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law'? This question applies specifically to Case No. 23361, *Jenkins* v. *Federal Life Insurance Company.*" The provision of section 1, subsection 42(b), of the act of March 10, 1933, supra, to the effect that a bill of exceptions to review a final order or judgment of the municipal court of Atlanta shall be presented to the trial judge within fifteen days from the date of the ruling complained of, and ordered filed and transmitted, as therein stated, is not unconstitutional for any of the reasons suggested in the question propounded by the Court of Appeals. It is true that this provision is not in accordance with section 6152 of the Civil Code of 1910, prescribing the time within which a bill of exceptions must be presented for the review of a judgment of the superior court; but the provision of the act of 1933 under consideration is not for that reason violative of that portion of the constitution contained in the Civil Code, § 6193, which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The variation as to the time of presentation, as contained in the act of 1933, was permissible under the constitutional amendment of 1927 (Ga. L. 1927, p. 118), wherein it was provided not only that the legislature might establish such a court as the municipal court of Atlanta, but might also make "such provisions as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts, and with such further provision for the correction of errors by the superior court or the Court of Appeals

or the Supreme Court as the General Assembly may, from time to time, in its discretion, provide or authorize." Under this clause of the constitution as amended, the legislature could lawfully prescribe the time within which a bill of exceptions must be presented to review an order or judgment of the municipal court of Atlanta, and could specify a period of time different from that specified in section 6152 of the Civil Code; and such legislation is not invalid as being contrary to the constitutional provision stated in the Civil Code, § 6391. *All the Justices concur.*