514

## 23765.   Oxford *v.* Reynolds *et al.*

Broyles, C. J.   Under repeated decisions of this court, an assignment of error in an appeal to the appellate division of the municipal court of Atlanta from an order of the trial judge overruling an oral motion for new trial, which does not set forth the grounds of the oral motion, is incomplete and should be dismissed by the appellate division. However, in such an appeal, where, as in the instant case, there is an assignment of error upon the order overruling the oral motion for new trial, and a statement in the appeal that the motion contained the grounds that the verdict and judgment were contrary to law and the evidence, the grounds of the oral motion were sufficiently set forth; and the appellate division of the court erred in holding to the contrary and in dismissing the appeal.   *Judgment reversed.   MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 18, 1934.

*Drennan & Giles, L. P. Skeen,* for plaintiff in error.
*Philip Etheridge, Paul S. Etheridge & Sons,* contra.

## 23361.   Jenkins *v.* Federal Life Insurance Company.

Stephens, J.   1. As provided in the act approved March 10, 1933 (Ga. L. 1933, p. 290), amendatory of the act creating the municipal court of Atlanta and amendments thereto, as was held by the Supreme Court in answer to certified questions propounded to it in this case (*Dillon* v. *Continental Trust Co.,* 179 *Ga.* 198 (6), 175 S. E. 652), construing section 1, 42(b) and 42(h) of that act, a bill of exceptions to a judgment of a judge of the municipal court of Atlanta, Fulton section, overruling a motion for a new trial, must be presented to the judge for certification within fifteen days from the date of the judgment complained of.

2. Since the judgment overruling the motion for a new trial in this case was rendered May 11, 1933, and the bill of exceptions wherein this judgment is excepted to was presented to the judge whose judgment is complained of, for certification, on June 6, 1933, and was certified to by him upon that date, and since the date of presentation of the bill of exceptions for certification was more than fifteen days from the date of the judgment complained of, the bill of exceptions was presented for certification after the period provided by law.   The writ of error must therefore be dismissed for want of jurisdiction in this court.

*Writ of error dismissed.   Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 18, 1934.

*Clinton Cox, James F. Cox, Mayson & Johnson,* for plaintiff.
*Ralph Quillian, Dillon, Calhoun & Dillon,* for defendant.