31092. GALLOWAY *v.* McKINLEY *et al.*

DECIDED DECEMBER 5, 1945.    REHEARING DENIED DECEMBER 19, 1945.

:382

*Charles W. Anderson, Leonard Pennisi,* for plaintiff.

*J. Herbert Johnson, Calhoun & Calhoun, Hooper, Miller & Head,* for defendants.

SUTTON, P. J. (After stating the foregoing facts.) ■ There is a motion to dismiss the bill of exceptions on the ground that article 6, section 2, paragraph 8 of the constitution of Georgia, as amended, defines the jurisdiction of the Court of Appeals; and that, since the adoption of the amendment to the constitution of Georgia, on August 7, 1945, there is no provision under the constitution, as amended, or under the laws of this State for any appeal from the civil court of Fulton County to the Court of Appeals, and this court has no jurisdiction to entertain said appeal.

Under the rulings of this court in *Macon Busses Inc.* v. *Dashiell, 73 Ga. App.* 108 (35 S. E. 2d, 666), and *Collins* v. *Sam R. Greenberg & Co., 73 Ga. App.* 377 (36 S. E. 2d, 484), the motion to dismiss is without merit and is denied.

■ The petition does not allege that the plaintiff had a contract with the defendants or either of them to sell the property referred to, or that he was employed by them as a real-estate broker to sell the property, or that the defendants in any manner whatever authorized the plaintiff to sell the property or to procure a purchaser for them for the property, or in any way to act for them in the matter.

The Code, § 4-213, provides: "The fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." The plaintiff in error cites this section and a number of decisions of this court and of the Supreme Court to the same effect. But the statute and the decisions in this re-

spect presuppose the existence of an agency between the real-estate broker and the property owner before the broker can collect a commission. It is to be observed that the Code section says: "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." And all of the decisions are to the same effect. Of course, it is fundamental that some arrangement or agency would have to exist between the parties before a real-estate broker could collect a commission from a property owner for the sale of his property; and, even where there has been such agency or contract between the parties, the sale must be made during the existence of the agency in order to authorize the broker to collect a commission. The utmost good faith must be exercised between the principal and the broker; but, where, as here, there was no agreement or relationship between them with respect to the sale of the property or the procuring of a purchaser therefor, there can be no recovery by the broker. See *Thompson* v. *Weeks*, 60 *Ga. App.* 560 (4 S. E. 2d, 415); *Landrum* v. *Lipscomb Ellis Co.*, 62 *Ga. App.* 649 (9 S. E. 2d, 205); *Doonan* v. *Ives*, 73 *Ga.* 295.

So far as the petition shows, the plaintiff was a volunteer, without any authority whatever, to act as agent or broker for the defendants. Applying the general rule that the allegations of the petition are to be construed most strictly against the pleader, the petition failed to set forth a cause of action, and the court did not err in sustaining the demurrers and in dismissing the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*