### 32189. CARDELL *v.* THE BANK OF GEORGIA.

DECIDED DECEMBER 3, 1948.

*Paul W. Hughes, J. I. King,* for plaintiff in error.
*Houston White,* contra.

MacIntyre, P. J. ■ The defendant in error filed a motion to dismiss, in which it is contended that this court has no jurisdiction to entertain the writ of error: (1) because the principal sum in controversy was less than three hundred dollars, and the plaintiff in error did not appeal the judgment of the court overruling the motion for a new trial to the Appellate Division of the Civil Court of Fulton County before bringing his writ of error to this court, as is provided by law in such cases; and (2) because the bill of exceptions was not tendered to the trial judge within fifteen days from the date of the judgment complained of, as is provided by law in cases in the Civil Court of Fulton County involving more than three hundred dollars.

Rule 35 of the rules of this court provides: "No motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error five days before the case is called for argument, service thereof to be made and shown as required in the service of briefs. . . If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." Code (Ann.), § 24-3635. "It is not only the right but the duty of a reviewing . . court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Durrell* v. *White,* 198 *Ga.* 253 (31 S. E. 2d, 461).

While notice of the motion to dismiss and the grounds thereof in the instant case was not given within the time provided

by the rules of court, it is the duty of the court to entertain the question of its jurisdiction whenever and however raised. It is unnecessary to consider the question which is strongly argued by the plaintiff in error — that the principal sum as between the plaintiff below, here defendant in error, and the garnishee was not the same as the principal sum, $200, between the plaintiff and defendant below, but was the total sum of the judgment rendered against the garnishee — for it is clear to us that this court has no jurisdiction to entertain the writ of error whether the principal sum between the plaintiff and the garnishee be more or less than $300.

■ Ga. L. 1933, p. 290, 293, sec. 1, subd. 42 (b), provides: "All rulings of the trial court which under the practice in the Superior Court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court [Civil Court of Fulton County], and such exceptions shall be presented to the trial judge within fifteen days from the date of the ruling complained of and ordered filed and transmitted to the Appellate Division of said court or the Court of Appeals or the Supreme Court, as the case may be, as hereinafter provided for in the case of appeals to said Appellate Division or bills of exception to the Court of Appeals or Supreme Court." Section 42 (c) says: "In all cases wherein the amount involved, exclusive of interest, attorney's fees and cost, is less than three hundred dollars, an appeal shall lie from the order overruling or refusing the motion for a new trial or the final order or judgment of the trial judge, as the case may be, to the Appellate Division of said court." Section 42 (g) provides that "all judgments, orders, and rulings of the Appellate Division of said court shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court, as the case may be, in the same manner judgments of the judges of the Superior Court are now reviewed."

In the Constitution of 1945, art. VI, sec. II, par. VIII, it is provided that "the Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the City Courts of Atlanta and Savannah, as they existed on August 19, 1916, and such other like courts

as have been or may hereafter be established in other cities
. . and in such other cases as may hereafter be prescribed
by law." Code (Ann.), § 2-3708. This provision presents no
change from the Constitution of 1877, as amended, in this re-
spect. The Civil Court of Fulton County "is not a court like
the City Court of Atlanta or that of Savannah" (*Dillon* v.
*Continental Trust Co.*, 179 *Ga.* 198, 200, 175 S. E. 652; see also
*Galloway* v. *McKinley*, 73 *Ga. App.* 381, 383 (1), 36 S. E. 2d,
485) ; and therefore there must be some specific provision of law
giving this court jurisdiction of a writ of error *directly* from the
trial judge of the Civil Court of Fulton County in a case in-
volving *less* than three hundred dollars. There is no provision
of law giving this court jurisdiction in such a case.

Therefore, just as it was held in *Gavant* v. *Berger*, 182 *Ga.*
277 (2) (185 S. E. 506), that the Appellate Division of the
Civil Court of Fulton County has no jurisdiction to entertain
an appeal in a case involving *more* than three ·hundred dollars,
this court has no jurisdiction to entertain a writ of error *directly*
from the trial division of that court in a case involving *less*
than three hundred· dollars. To give this court jurisdiction of
a writ of error from the Civil Court of Fulton County in a case
involving *less* than three hundred dollars, the writ of error
must be from the Appellate Division of that court as is pro-
vided in the statutory procedure for bills of exception from that
court in such cases. See Act of 1933, above quoted.

▎ Subd. 42 (h) of section 1 of the above-mentioned act
of 1933 provides: "In all cases wherein the amount involved,
exclusive of interest, attorney's fees, and costs, is three hundred
dollars or more, the order overruling or refusing the motion
for a new trial or the final order or judgment of the trial court,
as the case may be, shall be subject to review by bill of ex-
ceptions to the Court of Appeals or the Supreme Court, in the
same manner judgments and orders of the superior courts are
now reviewed."

Prior to the new rules of appellate procedure of 1946 (Ga. L.,
1946, p. 726), it was held in *Dillon* v. *Continental Trust Co.*,
179 *Ga.* 198 (6), where subdivisions 42 (b and h) of section 1
of the act of 1933, supra, were construed, that the bill of ex-
ceptions in a case involving more than three hundred dollars

must be tendered to the trial judge within fifteen days from the date of the ruling complained of. Section 6 of the new rules of appellate procedure provides that the bill of exceptions shall be tendered to the judge who presided in the cause within twenty days from the date of the decision complained of, (expressly amending Code of 1933, § 6-902). However, it will be noted by referring to the Code, § 6-901, that these sections refer to the practice in the superior and city courts; and prior to the new rules of appellate procedure it was held that § 6-902 did not apply to the practice in the Civil Court of Fulton County in cases involving *more* than three hundred dollars. *Dillon* v. *Continental Trust Co.,* supra. Therefore it cannot be held that the amending of Code § 6-902 also amended the express statutory rule in subdivisions 42 (b and h) of section 1 of the act of 1933, supra, providing that the bill of exceptions is to be tendered to the trial judge of the Civil Court of Fulton County, in a case involving *more* than three hundred dollars, within fifteen days of the date of the ruling complained of. See also *Allen* v. *Hix Green Buick Company,* ante, a case involving *more* than three hundred dollars, in which this court held that the new rules of appellate procedure amending Code § 6-902 did not alter the time of fifteen days within which the bill of exceptions must be tendered to the trial judge in the Civil Court of Fulton County.

"Where the bill of exceptions is not tendered within the time required by law, this court is without jurisdiction to entertain it." *Durrell* v. *White,* 198 *Ga.* 253 (supra), and cit. Since it is apparent from the face of the record in this case that the bill of exceptions was not tendered within fifteen days, but was tendered twenty days after the judgment overruling the motion for a new trial, this court has no jurisdiction to entertain the writ of error, even assuming the case to be one involving more than three hundred dollars.

■ It therefore appearing that this court has no jurisdiction, irrespective of whether the principal sum involved between the plaintiff and the garnishee was more or less than three hundred dollars, the writ of error must be and is

*Dismissed. Gardner and Townsend, JJ., concur.*