34867. MAXWELL *v.* BARBEE.

CARLISLE, J. " 'This court has no jurisdiction to entertain a writ of error from the trial division of the Civil Court of Fulton County, in a case involving *more* than three hundred dollars, when the bill of exceptions is tendered to the trial judge more than fifteen days after the date of the ruling complained of.' *Cardell* v. *The Bank of Georgia*, 78 *Ga. App.* 134(2) (50 S. E. 2d 876)." *McKee* v. *Radcliffe*, 88 *Ga. App.* 574 (76 S. E. 2d 824). Therefore, where it appears from the bill of exceptions —in which error is assigned on the denial of a motion for new trial in a case involving $1,020—that the motion was overruled on June 26, 1953, that the bill of exceptions was tendered to a judge of the Civil Court of Fulton County on July 15, 1953, who certified to that fact and also certified that on that date the judge who tried the case was out of the State and unable to certify the bill of exceptions, and on August 17, 1953, the judge who tried the case certified the bill of exceptions with the note that the delay in procuring *certification* was not the fault of the plaintiff in error, this court is without jurisdiction of the writ of error. Under the statute and the decision in the *Cardell* case, supra, the bill of exceptions should have been tendered to the trial judge not later than July 11, 1953, and it does not affirmatively appear from the bill of exceptions, as it must (*McMillan* v. *Milledgeville Brick Works*, 192 *Ga.* 79, 14 S. E. 2d 570, and citations), that the bill of exceptions was tendered to the trial judge within the requisite fifteen days, or that the plaintiff in error was prevented from doing so due to the absence of the trial judge during that period.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 9, 1953.

*Augustus M. Roan, Philip Keen,* for plaintiff in error.
*Howell & Howell, Wm. Hall,* contra.