### 26037. BOARD OF EDUCATION OF HALL COUNTY et al. v. SHIRLEY et al.

NICHOLS, Justice. The plaintiffs filed the present action to have declared unconstitutional a provision of the Constitution of this State providing for the election of four of five members of the Hall County Board of Education by districts which districts were constituted so as to violate the doctrine of "one man—one vote" announced in decisions of the United States Supreme Court. Other relief dependent upon the above declaration was also sought.

1. "The requirement of our statute embodied in *Code Ann.* § 110-1106 (Ga. L. 1945, pp. 137, 138) requiring the Attorney General to be served with a copy of the proceeding in declaratory judgment cases where there is an attack made upon the constitutionality of a statute of the State is mandatory and jurisdictional." *Williams v. Kaylor,* 218 Ga. 576 (129 SE2d 791). See also *Plantation Pipe Line Co. v. City of Bremen,* 225 Ga. 607 (170 SE2d 398).

2. The word "statute" in the Declaratory Judgment Act, supra, of necessity includes a provision of the Constitution of the State of Georgia. Compare American Federation of Labor v. Watson, 327 U. S. 582 (66 SC 761, 90 LE 873).

3. The record in the present case is devoid of any showing of service upon the Attorney General, and the trial court was without jurisdiction of the action. Accordingly, the judgment

of the trial court declaring a provision of the Constitution of Georgia unconstitutional as in conflict with the "one man—one vote" rule announced by the Supreme Court and granting additional relief must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 8, 1970.

*Perry S. Oliver, Palmour & Palmour, J. E. Palmour, Jr.,* for appellants.

*Reed & Dunn, Robert J. Reed, R. Elliott Dunn, Jr.,* for appellees.