### 26016. AUSTIN v. ALDREDGE et al.

HAWES, Justice. The issue in this case is whether or not the Civil Court of Fulton County is subject to the provisions of the Act approved March 24, 1970 (Ga. L. 1970, p. 679 et seq.), which Act among other things changes the name of various county courts below the grade of superior court to which it is made applicable to "State Court of (name of county)." That Act is made by § 2 thereof applicable to "all courts in this State that are below the level of superior courts and have concurrent jurisdiction with superior courts to try misdemeanor cases by a jury trial or have civil jurisdiction unlimited in amount and concurrent with the superior courts in all matters, except those matters which are vested exclusively in the superior courts or have both of the above jurisdictions." The case arose when the clerk of the Civil Court of Fulton County sought to mandamus county commissioners to pay for printing and other supplies ordered by the clerk in order to implement the 1970 Act in that court. The Judge of the Superior Court of Fulton County denied a mandamus absolute and that judgment is here on appeal.

The criminal jurisdiction of the Civil Court of Fulton County is limited to the issuance of warrants and the holding of commitment hearings. Ga. L. 1913, pp. 145, 161; 1922, p. 206. Civil jurisdiction is the same as that exercised formerly by justice courts and justices of the peace and extends to all civil cases except those involving injuries to the person or to the reputation and, except, of course, such jurisdiction as is exclusively reposed by the Constitution in the superior courts. Ga. L. 1913, pp. 145, 158. The superior courts have exclusive jurisdiction only in cases of divorce, criminal cases where the offender is subject to the loss of life or confinement in the penitentiary and in cases respecting title to land and equity cases. Constitution, Art. VI, Sec. IV, Par. I *(Code Ann.* § 2-3901). It will thus be seen that the Civil Court of Fulton County does not have concurrent jurisdiction with the superior courts of all matters except those of which exclusive jurisdiction is reposed in the superior courts by the Constitution. Though actions for injuries to the person and to the reputation are not by the Constitution exclusively within the jurisdiction of the superior courts, they are nevertheless excluded by the Act creating the Civil Court of Fulton County from the subjects of its jurisdiction. Under these circumstances, that court does not meet the criteria so as to come under the 1970 Act and the judge of the superior court did not err in refusing to mandamus the defendants to honor the requisition for materials and supplies in order to implement that Act in Fulton County.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 17, 1970—DECIDED JANUARY 7, 1971.

*John Tye Ferguson,* for appellant.
*Hinson McAuliffe, Solicitor, Frank Bowers, Paul Anderson,* for appellees.