## 46941. LYMON v. HOLLYWOOD FASHIONS, INC.

ARGUED MARCH 1, 1972—DECIDED JUNE 16, 1972—REHEARING DENIED JULY 10, 1972.

*Kendric E. Smith,* for appellant.

QUILLIAN, Judge. The defendant, appellant here, makes two principal contentions: (1) that the Civil Court of Fulton County is a court of record, and, hence, the Georgia Civil Practice Act (and therefore Rule 10 of the Civil Court) is applicable to all cases before it regardless of amount; (2) if there do exist two sets of rules in the Civil Court of Fulton County, predicated on whether the amount involved is $300 or less, this constitutes a violation of the due process and equal protection clauses of the United States Constitution.

1. Since its inception there has been a basic dichotomy in the Civil Court of Fulton County. Our appellate courts in construing, inter alia, Georgia Laws 1933 have recognized this fact. As held in *Vincent v. Garmon,* 95 Ga. App. 642, 643 (98 SE2d 408): "For this court to have jurisdiction of a case from the Civil Court of Fulton County involving less than $300 the appeal must be taken from the judgment of the appellate division of such court, while in cases involving more than $300 the appeal must be made direct to this court from the Trial Division of the Civil Court of Fulton County." See *Cardell v. Bank of Ga.,* 78 Ga. App. 134 (50 SE2d 876); *Milikin v. Johnson,* 78 Ga. App. 479 (51 SE2d 561); *Atlanta Laundricoin Corp. v. Hunnicutt,* 93 Ga. App. 87 (91 SE2d 127); *Pendley v. Union Bankers Ins. Co.,* 99 Ga. App. 189 (107 SE2d 910); *Davis v. Hulsey,* 102 Ga. App. 317 (116 SE2d 313); *Gavant v. Berger,* 182 Ga. 277 (185 SE 506).

In essence as to amounts of less than $300 the court serves as a justice court. See Art. VI, Sec. VII, Par. I of the Georgia Constitution of 1945 (*Code Ann.* § 2-4201); Ga. L. 1913, pp. 145, 158. While as to amounts of $300 or more the court now has the status of a court of record within the meaning of the Civil Practice Act, see Ga. L. 1956, pp. 3271, 3273, Section 23 (a); *Cole v. Cates,* 113 Ga. App. 540,

542 (149 SE2d 165). See *DeKalb County v. Deason,* 221 Ga. 237 (144 SE2d 446), dealing with what constitutes a court of record.

We adopt the result reached in the thorough and learned examination of this topic contained in the opinion of the presiding judge of the Appellate Division of the Civil Court of Fulton County. We quote from that opinion: "Originally, the only record required to be kept by the Municipal Court of Atlanta was a filing docket (Ga. L. 1913, p. 163); however, through an evolution of amendatory enactments, Sec. 36 of the original Act of 1913 was amended by Ga. L. 1956, p. 3273, which created a new section of the original Act known as 'Sec. 23 (a).' That section states in part as follows: 'the clerk of said court shall keep a book of minutes, properly indexed, wherein he shall record or cause to be recorded all judgments of said court and verdicts of juries rendered therein, wherein the principal amount of said verdict or judgment or the value of the property involved in said verdict or judgment is fixed at or exceeds the sum of three hundred ($300) dollars, together with all orders of said court pertaining thereto. The minutes shall be approved by the chief judge of said court on the last day of each term.' In 1959 (Ga. L. 1959, p. 2201) the General Assembly amended the Act creating the Civil Court of Fulton County by adding to said Act a new section appropriately numbered and reading as follows: 'Section 23 (b). From and after the passage of this Act the Clerk of the Civil Court of Fulton County shall be authorized and may from time to time upon the direction of the chief judge of said court, destroy or dispose of old records of said court which have served their usefulness and, which in the opinion of said chief judge, have no further value to the court or to the public, but are merely occupying valuable filing space. The authority hereby granted shall include all of the books, papers and documents of said court now in the possession of said clerk or which may hereafter come into his possession, of any nature and kind whatsoever, which in the case of civil pleadings are at least twenty-five (25) years old, and

in the case of criminal warrants, are at least five (5) years old, and which, as aforesaid, in the opinion of the chief judge of said court have served their usefulness and are no longer of value to anyone. Nothing in this Act shall authorize the destruction or disposal of the minutes, the dockets or the indices of the Civil Court of Fulton County.' It necessarily follows, from a reading of the foregoing, that upon the creation of the Municipal Court of Atlanta there was no statutory authority for permanency of records; that permanency of record keeping for the Civil Court of Fulton County was required by an amendment to the Act creating the court which added the above Sec. 23 (a); however, those amendatory provisions only required permanency of records as to cases [of $300 or more], and further by Acts of 1959 which added Sec. 23 (b) to the original Act creating this court all other records of the court could be destroyed with the exception of the minutes, the dockets or the indices of this court. There being no statutory authority for this court to maintain minutes, dockets or indices in cases [of less than $300], even if it did the same may be destroyed. It is therefore our opinion and decision that as to cases in the principal amount [of less than $300], the Civil Court of Fulton County is not a court of record; therefore the procedure as outlined in the Georgia Civil Practice Act does not apply to the Civil Court of Fulton County in such instances. Appellant contends that Rule 10 of the Civil Court of Fulton County should apply to all cases in that court. Succinctly, Rule 10 paraphrases Code Ann. Sec. 81A-155 (a) which allows default judgments to be opened as a matter of right upon motion filed within 15 days from the date of the judgment and upon the payment of cost and filing of defensive pleadings. Said rule was adopted pursuant to the power vested in the judges of the Civil Court of Fulton County pursuant to Sec. 19 of the Act of the General Assembly of Georgia approved August 30, 1913 (p. 154). That section provides, in part, that rules of procedure and practice shall not be inconsistent with the laws of this State. Sec. 46 of the Acts of 1913, p. 171, having never been re-

pealed provides that a judgment entered by default may be opened, as a matter of right, within 5 days from the rendition of the same, subject to other procedural requirements. We hold that we are bound by this express statutory requirement in cases [of less than $300], and to hold otherwise would create a rule inconsistent with statutory authority. We further hold that Gresham v. Symmers, 227 Ga. 616 is not applicable to the case in question. Gresham v. Symmers deals with the Civil and Criminal Court of DeKalb County which the General Assembly (Ga. L. 1968, pp. 2928, 2932) declared to be a 'court of record,' requiring for that court an index of all cases filed; dockets showing final disposition of all cases; original pleadings in civil cases; and accusations and sentences in criminal cases and further providing that none of those records shall thereafter be destroyed but that they shall be microfilmed and kept as permanent records of the court. In cases [of less than $300] in the Civil Court of Fulton County there is no such statutory requirement, nor permanent record keeping."

Since the amount here involved was less than $300 the trial judge properly applied Section 46 of Georgia Laws 1913, pp. 145, 171, and declined to open the default.

2. This case was transferred to this court from the Supreme Court which means that the appellant failed to properly raise any questions as to the constitutionality of certain statutes which in the first division of this opinion were held to be controlling. *O'Leary v. Smith,* 119 Ga. App. 762, 764 (168 SE2d 886).

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*