### 47945. REESE v. TERMPLAN, INC., BOLTON.

EVANS, Judge. Termplan, Inc., Bolton, sued Hilda L. Reese for the balance due on a retail instalment contract. The first trial of this case resulted in a judgment for the plaintiff, but on appeal to this court it was held that the trial court had erred in excluding testimony of one of defendant's witnesses and likewise found that plaintiff could not recover any amount of "time price differential or any collection charge, including any attorney's fees otherwise allowable as a collection charge." See *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473 (188 SE2d 177).

After the return of the remittitur plaintiff amended his complaint seeking judgment for the sum of $282.72 as principal on the alleged unpaid note. Upon re-trial the court found once again for the plaintiff, and defendant appeals. *Held:*

This case was tried in the Civil Court of Fulton County and is controlled by Ga. L. 1933, p. 290, et seq., as amended, which provides under § 42 (c) thereof that in all cases where the amount involved is less than $300 "an appeal shall lie from the order overruling or refusing the motion for new trial or the final order or judgment of the trial judge . . . to the appellate division of said court." It is noted here that on return of the remittitur the amount of the sum in this suit was reduced to less than $300 by amendment to the pleadings.

Thus, applying the above law to the facts in the present case, the direct appeal to this court will not lie. See in this connection *Cox v. Dolvin Realty Co.,* 56 Ga. App. 649, 651 (193 SE 467), *American Iron & Metal Co. v. Davidson,* 101 Ga. App. 633 (115 SE2d 229); *Davis v. Hulsey,* 102 Ga. App. 317 (116 SE2d 313); *Lymon v. Hollywood Fashions, Inc.,* 126 Ga. App. 627 (191 SE2d 473). Accordingly, we have no alternative but to dismiss the appeal.

*Appeal dismissed. Hall, P. J., and Clark, J., concur.*
ARGUED FEBRUARY 8, 1973 — DECIDED MARCH 15, 1973.

*David A. Webster,* for appellant.
*Richard V. Karlberg, Jr.,* for appellee.