28244. DANIEL v. FEDERAL NATIONAL MORTGAGE ASSN.

386

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 26, 1973 —
REHEARING DENIED NOVEMBER 8, 1973.

*Alfred C. Kammer, II, Michael H. Terry,* for appellant.

*Van Gerpen & Bovis, Earl J. Van Gerpen, William M. Schiller,* for appellee.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* amicus curiae.

NICHOLS, Justice. ■ The motion to dismiss relies upon the Act of 1945 (Ga. L. 1945, pp. 135, 138; Code Ann. § 110-1106), and cases exemplified by *Board of Ed. of Hall County v. Shirley,* 226 Ga. 770 (177 SE2d 711), and cits. That case, like those cited in such opinion, were declaratory judgment cases and the Act of 1945, supra, relates only to declaratory judgment proceedings. There is no law on the statute books in Georgia of which this court is aware, and none has been cited by counsel, which requires such service upon the Attorney General in other than declaratory judgment proceedings.

The brief of the appellee in support of such motion, as well as the brief filed by the Attorney General as amicus curiae, presents excellent argument as why such a law should be enacted, but such is the prerogative of the General Assembly and not this court. Accordingly, the motion to dismiss the appeal on such ground is denied.

■ It is always the duty of this court to inquire into its jurisdiction. *Lane v. Morrison,* 226 Ga. 526 (175 SE2d 830). The plaintiff in the trial court sought only possession of its property. It did not seek rent or damages. The proceedings against the tenant holding over was brought in the Civil Court of Fulton County and a direct appeal from the judgment of the trial judge was filed without seeking a review of such judgment in the appellate division of such court. The Act creating the Civil Court of Fulton County (originally Atlanta Municipal Court) and the amendments thereto, particularly the Act of 1933 (Ga. L. 1933, pp. 290, 292), provides that cases involving an amount exclusive of interest, attorney fees and costs of less than $300 shall be first appealed to the appellate division of that court and then a procedure is provided for appeals to the Court of Appeals or this court as the case may be.

In cases where a direct appeal to the appellate courts does not

lie, the appellate court does not have jurisdiction of such appeal and the same must be dismissed. Compare *Atlanta Laundricoin Corp. v. Hunnicutt,* 93 Ga. App. 87 (91 SE2d 127); *Davis v. Hulsey,* 102 Ga. App. 317 (116 SE2d 313). See also *General Assurance Corp. v. Roberts,* 92 Ga. App. 834 (90 SE2d 70); *Lymon v. Hollywood Fashions,* 126 Ga. App. 627 (191 SE2d 473); and *Reese v. Termplan, Inc., Bolton,* 128 Ga. App. 527 (197 SE2d 387).

In *Tomlin v. Harper,* 6 Ga. App. 808 (65 SE 1093), the Court of Appeals followed the decision of this court in *Rigell v. Sirmans,* 123 Ga. 455 (51 SE 381), and held: "Where the only purpose of the proceeding was to obtain possession of the premises which it was alleged the tenant was holding over beyond her term, there was no sum or damages claimed." P. 809. That case involved the proper procedure to have a judgment of a county court reviewed by the Superior Court (appeal or certiorari), and it was held: "The superior court is without jurisdiction to entertain an appeal from the judgment of the county court upon a proceeding to evict a tenant holding over, where the possession of the premises in dispute is the only issue involved, and no money judgment is contemplated. Errors alleged to have been committed by the county court in such a case must be reviewed by certiorari." Id., Hn. 1.

In *Healey Real Estate &c. Co. v. Wilson,* 74 Ga. App. 63 (1) (38 SE2d 747), a case dealing with an appeal to the Court of Appeals from the Civil Court of Fulton County, it was held: "No amount was involved in the present dispossessory warrant proceeding, under the facts of the case, within the meaning of the provisions of the Act of March 10, 1933 (Ga. L. 1933, p. 290 et seq.), as amended, so as to authorize a direct bill of exceptions to this court to review a judgment of the trial judge of the Civil Court of Fulton County overruling the motion for a new trial; and consequently this court is without jurisdiction to entertain the writ of error in this case and the same must be dismissed."

Under such Act a direct appeal will not lie in the case sub judice and the appeal must be dismissed.

*Appeal dismissed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from the ruling made in Division 2 and from the judgment of dismissal.*

INGRAM, Justice, dissenting. This court has jurisdiction to decide this appeal on its merits. The majority opinion rests on the ground, among others, that since the case does not involve more than $300 the appeal should have been addressed to the appellate division of

the Civil Court of Fulton County. A common sense answer to this sort of reasoning is that money is not involved in the case. What is involved is the right to possession of property. The authorities presented by the majority, in applying the "more than $300 in controversy" rule (see *Healey Real Estate &c. Co. v. Wilson,* 74 Ga. App. 63) are without basis in reason, for no money amount is in controversy at all. Even if a value could be placed upon the right of continued possession of an apartment in crowded Atlanta, it certainly would exceed $300 in our day and age.

The majority opinion fails to take into consideration the legislative mandate of Ga. L. 1970, p. 968 as amended, Ga. L. 1971, p. 536 (Code Ann. § 61-301 et seq.), and the precedents cited by the majority in support of its holding either do not deal with dispossessory proceedings or were rendered prior to the general legislation noted above which provide for special statutory dispossessory proceedings against tenants holding over. The precedents cited are not authority for the majority decision even if it is conceded that the $300 rule applies in this case. Two portions of Code Ann. § 61-301 et seq. are of importance in this regard: § 61-303: "If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in *courts of record.* "(Emphasis supplied.) § 61-306: "Any judgment by the trial court shall be appealable pursuant to Title 6 of the Georgia Code Annotated [Appellate Practice Act]."

The historic reason for review of cases not involving more than $300 in controversy by the appellate division of the Civil Court of Fulton County was to make a record on review of proceedings not of record. In *Lymon v. Hollywood Fashions,* 126 Ga. App. 627, 628 (191 SE2d 473), the Court of Appeals noted: "In essence as to amounts of less than $300 the court serves as a justice court. See Art. VI, Sec. VII, Par. I, of the Georgia Constitution of 1945 (Code Ann. § 2-4201; Ga. L. 1913, pp. 145, 158). While as to amounts of $300 or more the court now has the status of a court of record within the meaning of the Civil Practice Act, see Ga. L. 1956, pp. 3271, 3271, § 23 (a); *Cole v. Cates,* 113 Ga. App. 540, 542 (149 SE2d 165)." Trials pursuant to Code Ann. § 61-301 et seq., in accordance with procedure prescribed for civil actions in courts of record, without regard to the amount in controversy, are controlled by the Civil Practice Act. Code Ann. § 81A-181. See *Queen v. Harrell,* 126 Ga. App. 122 (190 SE2d 160). In making all such proceedings brought in the Civil Court of Fulton County of record, the legislature eliminated the historic purpose for review by the

appellate division of such court, i. e., review of proceedings under justice court rules and not of record.

In addition, it has always been a cardinal rule of construction of this court that, in giving effect to the intention of the legislature, general legislation is construed to have superseded or supplanted the particular or special. See *Crovatt v. Mason,* 101 Ga. 246 (28 SE 891); *Jones v. Stokes,* 145 Ga. 745 (89 SE 1078); and *Swift v. Van Dyke,* 98 Ga. 725 (26 SE 59). Under this rule, the legislative mandate of Ga. L. 1970, pp. 968, 972, § 5 (Code Ann. § 61-306), providing that "[a]ny judgment by the trial court shall be appealable pursuant to Title 6 of the Georgia Code Annotated," must take precedence over the special legislation of Ga. L. 1933, pp. 290, 292, in which the $300 rule was announced with regard to appeals within the Civil Court of Fulton County.

In making reference to Title 6, there is further indicated that the General Assembly intended, where applicable, that appeals in such proceeding, either from superior, special or constitutional courts, would be uniform under the legislation. The ruling of this court here today would create the anomalous situation, only in Fulton Civil Court, of trials under one system and appeals under two different systems. In doing so, it would create another hazard of importance. The special stautory proceedings under Ga. L. 1970, p. 698, were meant to afford a speedy determination of the rights of the parties as is reflected in Code Ann. § 61-303. To require an appeal from the trial court to the appellate division of the Civil Court of Fulton County would not effectuate this end. It is important to note in this regard that these proceedings may be brought in superior court from which direct appeals may be brought to the higher appellate courts of the state. As the majority opinion now stands, it may have the effect of causing a flight to the Superior Courts of Fulton County when the experience for handling such cases is in the civil court.

Finally, the basic premises of the majority for its decision, i. e., when a case involves less than $300, the Civil Court of Fulton County is sitting as a justice of the peace court, is not correct. The Civil Court of Fulton County is not a justice court—it is a special constitutional court with some justice court jurisdiction and with some jurisdiction similar to the superior court. Art. IV, Sec. VII, Par. I of the Georgia Constitution (Code Ann. § 2-4201) provides that the Civil Court of Fulton County shall have jurisdiction concurrently with, or supplemental to, or in lieu of justice courts. See Ga. L. 1956, p. 71 et seq.; and *Austin v. Aldredge,* 227 Ga. 119

(179 SE2d 66) for a full statement of its jurisdiction. A good history of the civil court, formerly the Municipal Court of Atlanta, can be found in *Dillon v. Continental Trust Co.,* 179 Ga. 198 (175 SE 652). It might be added that this view would seem to be the view taken by the Court of Appeals of Georgia if physical precedent is of any significance. *Byrd v. S. H. McGuire Realty Co.,* 125 Ga. App. 297 (187 SE2d 339) is a case dealing with default in eviction proceedings which was written by Justice Jordan of this court when he was Presiding Judge of the Court of Appeals. That case was decided on it merits and not directed to the appellate division of the Civil Court of Fulton County.

I am authorized to state that Mr. Justice Gunter joins in this dissent.