## 29017. SHEPHERD v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.

PER CURIAM.
We granted certiorari to review the applicability of *Daniel v. Federal Nat. Mortgage Assn.,* 231 Ga. 385 (202 SE2d 388), to the facts of this case which are fully set forth in the opinion of the Court of Appeals in *First Federal Savings & Loan Assn. v. Shepherd,* 131 Ga. App. 692 (206 SE2d 571), and need not be repeated here.

The specific issue presented for decision is whether under *Daniel* the judgment of the trial court in this dispossessory warrant proceeding from the Civil Court of Fulton County should have been appealed to the appellate division of that court rather than appealed directly to the Court of Appeals. After reviewing the record, we believe the Court of Appeals had jurisdiction to hear the appeal and that the case was correctly decided by that court.

As observed by Judge Quillian in the opinion of the Court of Appeals, "The court further ordered the appellee to pay $180 into [the] registry of the court, being $90 each for the months of August and September, *and to continue to pay $90 per month into the registry of the court on the first day of each succeeding month thereafter until final*

*disposition of the case."* (Emphasis supplied.) The record shows that the trial court entered a further order in the case on November 1, 1973, indicating that as of that date a total of $270 had been paid into the registry of the court. This order required the defendant to continue "to pay into the registry of the court the sum of $90 per month on the first (1st) day of each month beginning November 1, 1973."

We find from our review of the record that this case involved more than $300 at the time an appeal was taken from the judgment of the Civil Court of Fulton County to the Court of Appeals. The holding of this court in *Daniel* was that since no amount of money was involved in that dispossessory warrant proceeding, and the only relief sought was possession of real estate, the Act creating the Civil Court of Fulton County, requiring cases involving less than $300 to be appealed first to the appellate division of that court, was applicable and therefore a direct appeal to this court, raising a constitutional question, would not lie.

Since the sum of more than $300 was involved in this appeal, it was unnecessary for appellant to go first to the appellate division of the Civil Court of Fulton County and the Court of Appeals had jurisdiction to decide the case on direct appeal to it.

Having determined that the Court of Appeals correctly decided the case, we affirm its judgment.

*Judgment affirmed. All the Justices concur, except Nichols, P. J., who concurs specially, and Gunter and Ingram, JJ., who concur in the judgment only.*

Argued September 12, 1974 — Decided September 24, 1974— Rehearing denied October 1, 1974.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Hatcher, Meyerson, Oxford & Irvin, Paul E. Pressley, Henry M. Hatcher,* for appellee.

Nichols, Presiding Justice, concurring specially.

I concur in the judgment of this court distinguishing *Daniel v. Federal Nat. Mortgage Assn.,* 231 Ga. 385 (202

SE2d 388), from the facts in this case. Here a question is presented as to the disbursement of funds paid into the registry of the court which exceed $300. Therefore, an appeal to the appellate division of the Civil Court of Fulton County was not necessary in order to permit an appeal to the Court of Appeals of Georgia.

INGRAM, Justice, concurring specially.

I would dismiss the certiorari as being improvidently granted since I agree with the opinion of the Court of Appeals in this case and believe the case was properly appealed to that court, regardless of whether any sum of money was involved in the case, for the reasons set forth in my dissent in *Daniel v. Federal Nat. Mortgage Assn.,* 231 Ga. 385, 388-391.

I am authorized to state that Justice Gunter joins in this special concurring opinion.